*410 OPINION OF THE COURT
Titone, J.
In this juvenile delinquency proceeding under article 3 of the Family Court Act, we are asked to consider whether dismissal of the presentment agency’s petition is mandatory when the statutorily required fact-finding hearing is delayed beyond the time limits delineated in Family Court Act § 340.1 through no fault or dilatory conduct attributable to the presentment agency. Guided by the legislative goal of assuring speedy adjudications for juveniles, we hold that the source of delay is not controlling and that dismissal is required whenever the statutory requirements for commencing a fact-finding hearing are not satisfied.
On June 11, 1984, following respondent’s May 29th arrest in the lobby of the New York County Family Court building, a petition charging him with criminal possession of a controlled substance was filed. Respondent made his initial court appearance on the day the petition was filed and was thereafter released pending a hearing on the charges. On July 11, 1984, respondent’s counsel made an omnibus motion, returnable on July 20, seeking discovery, a suppression hearing and a change of venue. Although the presentment agency responded to the motion and answered "ready for trial” on July 18, 1987, only 37 days after the petition was filed, a variety of circumstances, none of them chargeable to the agency, delayed the commencement of the fact-finding hearing.
Since the court could not immediately decide respondent’s motion, the case was adjourned, first to September 25 and then to November 28, 1984. The court decided the motion and granted the request for a suppression hearing in October, but the hearing did not go forward on the November adjourn date because the court was then involved in another trial. The case was marked "ready and passed” and adjourned, at respondent’s counsel’s request, to January 9, 1985. On that date, the need to replace the newly assigned Judge led to some confusion, requiring another adjournment of six days. Before that six-day adjournment expired, respondent’s counsel made a motion to dismiss on the ground that respondent’s right to a speedy trial under Family Court Act § 340.1 had been violated.
Noting that 217 days had elapsed since the date of respondent’s initial appearance, the court granted respondent’s motion. The court reasoned that "[t]o deny relief in the face of so *411 extended a lapse would render the right to a speedy trial under the Family Court Act wholly illusory, if not meaningless.” In addition, the court specifically rejected the presentment agency’s argument that, by analogy to the detailed time limitations governing adult criminal proceedings (CPL 30.30), dismissal is unwarranted where the presentment agency was at all times ready to proceed and the delays were occasioned by circumstances outside of the agency’s control. The Appellate Division, First Department, affirmed, without opinion, the Family Court’s order of dismissal, and we granted the presentment agency leave to appeal to our court. We now affirm.
Section 310.2 of the Family Court Act, which is analogous to the general speedy trial provision applicable to adult prosecutions (CPL 30.20), provides that "[a]fter a petition [charging delinquency] has been filed, the respondent is entitled to a speedy fact-finding hearing.” In addition, the Legislature has established, in an entirely separate statute, specific time limitations to govern fact-finding hearings (Family Ct Act § 340.1). Under section 340.1, "[i]f the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance”, but the case may be adjourned for "not more than thirty days” on motion of the court or the parties for "good cause shown” (Family Ct Act § 340.1 [2], [3] [a], [b]). The court is required to "state on the record the reason for any adjournment of the fact-finding hearing” (Family Ct Act § 340.1 [4]), and successive motions to adjourn are not permitted "in the absence of a showing, on the record, of special circumstances” (§ 340.1 [4], [5]). Significantly, "calendar congestion” and "the status of the court’s docket or backlog” are expressly excluded as potential "special circumstances” warranting successive adjournments (§ 340.1 [5]).
In this case, there is no contention that there were "special circumstances” or even "good cause” for the successive adjournments that delayed respondent’s fact-finding hearing for some 218 days after the initial appearance on the presentment agency’s petition. Indeed, the adjournments to September 25 and November 28, which together delayed the proceedings for more than three months, were to enable the court to decide what appears to have been a routine omnibus/venue motion. The subsequent adjournment, which added another 42 days to the total delay, was the combined product of the court’s own docket problems and respondent’s counsel’s scheduling difficulties. Thus, it is clear both that the delays were not permissible *412 under the statute and that the presentment agency was not at fault. The only remaining question is whether dismissal of the presentment agency’s petition was an appropriate remedy in light of the absence of any procrastination on the part of that agency.
The presentment agency argues on this appeal that it should not be penalized by dismissal of the petition — a sanction not expressly provided for in Family Court Act § 340.1— since it was not responsible for the delays. More specifically, the agency argues that the principles set forth in CPL 30.30, which governs adult criminal proceedings and focuses only on prosecutorial delays, should be utilized in interpreting and applying Family Court Act § 340.1, since the two provisions are analogous and reference to CPL 30.30 is, in fact, necessary to establish the respondent’s entitlement to dismissal. In support of its position, the agency cites Family Court Act § 303.1, which precludes use of the Criminal Procedure Law provisions in juvenile delinquency proceedings but recognizes that "[a] court may * * * consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.”
Contrary to the presentment agency’s argument, however, there is no genuine analogy to be drawn between Family Court Act § 340.1 and CPL 30.30. The two statutes superficially resemble each other in that both contain extremely specific time limitations and both were enacted to supplement more general statutory provisions requiring a "speedy” trial or hearing (CPL 30.20; Family Ct Act § 310.2; see, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 310.2, at 330-333). But the very different language, history and purposes of the two statutes make further analogy between them inappropriate.
The history and underlying purpose of CPL 30.30 are well known. The Legislature enacted the statute in response to a widespread concern that the speedy trial rules adopted by the then-existing Administrative Board were too stringent and would lead to wholesale dismissals (see, People v Worley, 66 NY2d 523, 527; see also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 148-149). Because of this concern, the Legislature adopted a less draconian measure aimed principally at prosecutorial delays rather than at the larger problem of bringing criminal defen *413 dants swiftly to trial (see, People v Sinistaj, 67 NY2d 236, 239; People v Anderson, 66 NY2d 529, 535; People v Worley, supra, at 527; People v Brothers, 50 NY2d 413, 416-417; see also, Bellacosa, Practice Commentary, op. cit., at 148-149). The limited purpose of the statute is directly reflected in the language of its provisions, which contemplate dismissal only when "the people are not ready for trial” within the required time periods (CPL 30.30 [1]). The statute’s narrow goal is also reflected in our decisions, which uniformly hold that delays occasioned by court congestion and other circumstances beyond the prosecution’s control are not cognizable under CPL 30.30 (see, e.g., People v Giordano, 56 NY2d 524 [court congestion]; People v Brothers, supra [court congestion]; People v Hamilton, 46 NY2d 932 [defendant’s unreadiness]).
In contrast, the “speedy hearing” provision at issue here was enacted in 1982 as part of a sweeping overhaul of the procedures governing juvenile delinquency proceedings (L 1982, ch 920 [codified as Family Ct Act art 3; §§ 301.1-385.2]). The purpose of the amendment package as a whole was to reflect the significant changes in the legal rights of juveniles that had occurred since the late 1960’s and to standardize practice throughout the State (Bill Jacket, L 1982, ch 920, Mem in support of A 7974-A; see, Sobie, Introductory Practice Commentary, op. cit., Family Ct Act art 3, at 258-262). Among the most important aspects of the revised procedural rules were the various provisions establishing specific time limitations to govern each stage of the proceeding from arrest through final disposition (see, e.g., Family Ct Act §§ 307.1, 308.1, 320.2, 332.1, 340.1, 350.1; see also, Sobie, Practice Commentaries, op. cit., at 261-262, 330-331). The stated purpose of these provisions was to assure swift and certain adjudication at all phases of the delinquency proceeding (see, Bill Jacket, op. cit., Mem in support of A 7974-A), a concern which we recognized in People ex rel. Guggenheim v Mucci (32 NY2d 307).
Viewed in this light, section 340.1 leaves no room for the contention that delays outside of the presentment agency’s control should not provide a basis for the remedy of dismissal. Unlike CPL 30.30, Family Court Act § 340.1 is a true "speedy trial” provision, in that both its language and its underlying purpose are directed toward bringing the accused juvenile to trial within a specified 60- to 90-day period (barring "special circumstances”). Indeed, the legislative decision expressly to preclude "court congestion” and other docket problems as *414 permissible grounds for successive adjournments furnishes a clear indication that in adopting section 340.1 the Legislature meant to address all of the sources of delay within the system and not just those connected with the presentment agency. Moreover, the fact that the Legislature enacted the statute despite the concerns expressed by some regarding the undue burden its strict time limitations would impose on the Family Court system (see, Bill Jacket, L 1982, ch 920, Mem of Office of Court Administration; Mem of Association of Judges of Family Court of State of NY) strongly suggests that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to be paramount.
Finally, although the appellant presentment agency argues otherwise, it is not necessary to "borrow” the remedy provided for in CPL 30.30 in order to conclude that a violation of Family Court Act § 340.1 must lead to dismissal. While no specific provision for dismissal is made in the statute (cf., Family Ct Act § 332.1 [8] [contemplating dismissal as a remedy for violation of Family Ct Act § 310.2’s general speedy hearing requirement]), the statute’s specific and mandatory language, as well as its precise deadlines and clear legislative history, lead to the conclusion that the Legislature did not intend to leave the sanction for noncompliance to the Family Court’s discretion. Rather, a holding mandating dismissal of the charges seems necessary to effectuate the legislative goal of prompt adjudication and to ensure consistency in the statute’s application.
This is not to suggest that section 340.1 automatically requires dismissal in all cases in which the 60-day time limitation genuinely cannot be met. To the contrary, the Legislature built a degree of flexibility into the statute by providing for adjournments in the event of "good cause shown” or "special circumstances.” Since the parties in this appeal have not claimed that these statutory tests for permissible adjournments were satisfied here, we do not consider the precise scope of these terms. We note, however, that whether a particular event or set of events constitutes "good cause” or "special circumstances” — obviously, a more stringent standard —is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication. Requests for adjournments should always be considered in light of the statutory standards, and the court’s conclusions should be stated briefly on the record so that the *415 propriety of various delays can later be assessed by a reviewing court (see also, Family Ct Act § 340.1 [5]).
In this instance, some 218 days elapsed since the date of respondent’s initial appearance without a fact-finding hearing having been held. Inasmuch as the adjournments were not based on any claimed "good cause” or "special circumstance,” the trial court correctly dismissed the petition. Accordingly, the order of the Appellate Division, which affirmed the trial court’s dismissal order, should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order affirmed, without costs.