OPINION OF THE COURT
Bruce E. Tolbert, J.
Two petitions were filed in Albany County, New York, alleging that the respondent committed acts which, if committed by an adult, would constitute the crime of assault in the third degree, a class A misdemeanor, as defined by section 120.00 (1) of the Penal Law. At the initial appearance on October 29, 1991 before Judge Thomas A. Breslin, Family Court, Albany County, respondent entered an admission to the *260 charge of assault in the third degree, in full satisfaction of both petitions. The matter was transferred to Westchester County Family Court for disposition.
Although the necessary documents were received in White Plains Family Court on November 14, 1991, the case was not given a docket number until December 13, 1991. The file was received on December 20, 1991 by the clerk for then Family Court Judge Louis A. Barone, to whom the case had been assigned. The matter was calendared for January 9, 1992 before this Judge. On that date, Law Guardian for the respondent made an oral application in court, and filed a memorandum of law, for dismissal of the petition for failure to comply with the time requirements for the dispositional hearing. The presentment agency subsequently submitted a memorandum of law in response, and the Law Guardian filed a reply memorandum.
Pursuant to statutory time limitations, where the respondent is not in detention, the dispositional hearing must be held not more than 50 days after the entry of an order following a fact-finding hearing (Family Ct Act § 350.1 [2]). The court may, however, on its own motion or on motion of the presentment agency, adjourn the dispositional hearing for good cause shown for not more than 10 days (Family Ct Act § 350.1 [3] [a]). The reasons for any such adjournment are to be stated on the record (Family Ct Act § 350.1 [4]). Successive motions to adjourn the dispositional hearing shall be granted only upon a showing, on the record, of special circumstances (Family Ct Act § 350.1 [5]). Calendar congestion or the status of the court’s docket or backlog do not constitute special circumstances (Family Ct Act § 350.1 [5]).
The Law Guardian seeks dismissal of the petition on the ground that more than 50 days have passed, with no showing of good cause or special circumstances, from the entry of the fact finding and change of venue orders, dated October 31, 1991 and entered November 4, 1991, until the scheduled date for the dispositional hearing, January 9, 1992. The presentment agency concedes that the dispositional hearing was not held within the statutory time limitations. The agency argues, however, that such failure does not mandate dismissal of the petition as respondent failed to show substantial and real prejudice caused by the delay.
Although the statute expressly states the time period within which a dispositional hearing must be held, nowhere does it *261 state the sanction for noncompliance. In regard to the analogous provisions of the Family Court Act dealing with the time limits for a fact-finding hearing (Family Ct Act § 340.1), the New York Court of Appeals has held that dismissal is a mandatory remedy for failure to comply with the statutory time limitations (Matter of Randy K., 77 NY2d 398 [1991]; Matter of Frank C., 70 NY2d 408 [1987]). Further, failure to seek an adjournment beyond the initial period and make a showing, on the record, of good cause and special circumstances requires dismissal (Matter of Randy K., supra, at 403).
The purpose of the provisions of article 3, establishing specific time limitations from arrest through final disposition, is "to assure swift and certain adjudication at all phases of the delinquency proceeding” (Matter of Frank C., supra, at 413). As the Court of Appeals stated in reference to a speedy fact-finding hearing, "the statute’s specific and mandatory language, as well as its precise deadlines and clear legislative history, lead to the conclusion that the Legislature did not intend to leave the sanction for noncompliance to the Family Court’s discretion. Rather, a holding mandating dismissal of the charges seems necessary to effectuate the legislative goal of prompt adjudication and to ensure consistency in the statute’s application” (Matter of Frank C., supra, at 414).
The reasoning of the Court of Appeals in Frank C. (supra) compels dismissal of the petition herein. The requirements of Family Court Act § 350.1 are not only analogous to section 340.1, but, like those of section 340.1, are expressed in mandatory, not precatory terms (Matter of Daniel C., NYLJ, Sept. 16, 1991, at 29, col 1 [Fam Ct, Kings County]). As with the speedy fact-finding provisions, failure to conform to the requirements of section 350.1 mandates dismissal of the petition where reasons have not been established on the record for the dispositional hearing being adjourned beyond 50 days (Matter of Daniel C., supra). Whether respondent suffered substantial and real prejudice from the delay, as the presentment agency has argued that respondent is required to show, is of no import here. The case upon which the agency relies, Matter of Gregory C. (131 Misc 2d 685 [Fam Ct, Westchester County 1986]), was decided prior to the two above-cited Court of Appeals cases.
In the case at bar, the dispositional hearing failed to commence within 50 days of the entry of the fact-finding order. There was neither a request for an adjournment nor any statement on the record for the reasons for any adjournment, *262 as mandated by the statute. The presentment agency has not alleged good cause and/or special circumstances for the delay, nor does this court find any to exist. Rather, the delay was simply the result of docketing and scheduling difficulties. Absent good cause and special circumstances, this court finds that the scheduling of the dispositional hearing beyond the 50-day time limit requires dismissal of the petition.
Accordingly, the motion is granted and the petition is dismissed.