OPINION OF THE COURT
Judith B. Sheindlin, J.
The issue presented on respondent’s motion to dismiss is whether this court, having found respondent guilty of a crime, must dismiss the case on speedy disposition grounds, when the respondent was out on a warrant for 14 months.
The respondent was arrested for grand larceny on January 31, 1990. Upon his failure to appear at arraignment in March of 1990, a warrant was issued for his arrest. On October 29, *451 1990 he was arrested for robbery and returned to court on the warrant.
Respondent pleaded guilty to unauthorized use of a vehicle (Penal Law § 165.05) on November 2, 1990. He was remanded pending disposition. On November 13, 1990 the respondent was given the opportunity to return home and attend the alternative to detention program (A.T.D.). In the interim, probation was directed to explore placement and the matter was adjourned to November 23,1990.
Upon receipt of a favorable A.T.D. report, the court continued the parole. At the request of the Law Guardian the court adjourned the matter in order to afford the respondent an opportunity to demonstrate that community based programs would suit his needs and that placement was not necessary. The minutes of November 23, 1990 reveal that the Law Guardian, clearly and unequivocally, waived any rights to a speedy disposition.
On December 14, 1990 a warrant was issued for his arrest for failure to cooperate with the A.T.D. program, which was a specific condition of his parole. By virtue of a new arrest the respondent was returned on the warrant on February 24, 1992.
The Law Guardian now moves to dismiss the petition arguing that respondent’s rights to a timely disposition under Family Court Act § 350.1 have been violated.
In Matter of Frank C. (70 NY2d 408 [1987]), the Court of Appeals held that failure to strictly adhere to time limits set forth in Family Court Act § 340.1 is a violation of respondent’s right to a speedy trial (Family Ct Act § 310.2) and mandates dismissal. In Matter of Randy K. (77 NY2d 398 [1991]), the Court of Appeals in a 4-3 decision held that respondent’s failure to appear for trial is no exception under the statute.
In the aftermath of Frank C. (supra) and Randy K. (supra) some have felt compelled to treat delays in the dispositional phase of a delinquency proceeding no different from delays in the fact-finding phase. (See, Matter of Daniel C., 151 Misc 2d 730 [Fam Ct, Kings County 1991]; Matter of Leon H., NYLJ, Feb. 24, 1992, at 38, col 6 [Fam Ct, Kings County 1992]; Matter of Tito D., 153 Misc 2d 259 [Fam Ct, Westchester County 1992].) This approach overlooks certain basic distinctions between the two phases.
Careful scrutiny of the relevant statutes reveals that the section dealing with the time of the dispositional hearing *452 (Family Ct Act § 350.1) uses language virtually identical to the section on fact finding (Family Ct Act § 340.1). However, whereas the Legislature saw fit to declare a specific right to a speedy trial in delinquency proceedings (Family Ct Act § 310.2), it omitted a similar declaration in dealing with the dispositional phase. The structure and language of the applicable sections lead to the logical inference that, "what is omitted or not included was intended to be omitted or excluded.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208-209 [1976].)
In criminal proceedings the Court of Appeals has made clear that although many courts have extended the Sixth Amendment guarantee of a speedy trial to postconviction proceedings, "There are perceptible distinctions, however, between speedy trial concepts and the requirement of timely sentencing.” (People v Drake, 61 NY2d 359, 365 [1984].)
Undoubtedly, it was with this background in mind that the court in Matter of David R. (150 AD2d 161, 162 [1st Dept 1989]), a case decided after Matter of Frank C. (supra), in dealing with the issue of delays in the dispositional hearing expressly adopted a lower court view and stated: "Nor does this case involve the strict enforcement of time requirements generally applied to fact-finding hearings (see, Matter of Frank C., supra; Matter of Vincent M., 125 AD2d 60, affd 70 NY2d 793), for 'there is a significant distinction between the case where the respondent is accused but there has been no fact finding, and the case where the petition has been sustained after a hearing and what remains is only disposition.’ (Matter of Gregory C, 131 Misc 2d 685, 686.)”
Those who are quick to argue that this holding should fall in the aftermath of Frank C. (supra) and Randy K. (supra) have failed to explain the glaring omission of a specific statutory right to a speedy disposition.
When placed in the context of People v Drake (supra) and David R. (supra), one can only conclude that the Legislature rejected the view that timely disposition rises to the same level as speedy trial. The difference being, that whereas a violation of speedy trial is a due process violation and mandates dismissal, a violation of timely disposition does not automatically call for such a radical remedy. (See, 18 USC §§5036, 5037; Matter of C.T.T., 464 NW2d 751 [Minn App 1991].)
*453 Although in certain instances dismissal may be appropriate, in delinquency matters, as in adult sentencing, the analysis must start with an inquiry into the cause of the delay. (See, People v Drake, supra, at 365-366.) In reaching a conclusion a court may not ignore the specific legislative command to consider the need for protection of the community (Family Ct Act § 301.1). This is consistent with the view expressed in People v Drake (supra, at 365): "Of equal significance in the need for timely sentencing is the public perception that prompt and certain punishment has been imposed upon a defendant found guilty, uninfluenced by legally irrelevant considerations.”
The majority opinion in Randy K. (supra) mandates that notwithstanding respondent’s warrant status the presentment agency must apply for adjournments at 30-day intervals or risk dismissal of the case. To extend this requirement to the dispositional phase would require adjournments at 10-day intervals (see, Family Ct Act § 350.1 [3]). It strains common sense to find that the Legislature, concerned as it was with the protection of the community (Family Ct Act § 301.1), would have enacted a statute that mandates dismissal, after a finding of guilt, in the absence of a warrant review every 10 days.
In the instant matter the respondent was found guilty of committing a crime. He chose to absent himself from the dispositional proceedings. As his absence is the sole cause of the delay, what lesson would this justice system teach him in dismissing the petition? What message would we be sending to a city already besieged by violence? It is inconceivable that the Legislature intended such a result. This is especially true here, where any rights to a timely disposition were expressly waived by the Law Guardian.
Indeed, if there is any ambiguity in the statute, the Legislature should address that ambiguity before more children are taught that they can make a mockery of the courts and the public further decries a criminal justice system that seemingly places form over substance.
Accordingly, the motion to dismiss is denied.