OPINION OF THE COURT
Guy P. De Phillips, J.
In this juvenile delinquency proceeding respondent seeks "an order dismissing the proceeding for failure of the presentment agency to commence a dispositional hearing pursuant to the provisions of Family Court Act 350.1”. Respondent, on November 12, 1991, in Family Court, Suffolk County, pleaded *185 guilty at fact finding to an act which if committed by an adult would constitute the crime of petit larceny, a class A misdemeanor (Penal Law § 155.25). Inexplicably the Family Court did not issue its order upon fact finding until February 27, 1992, 107 days after respondent pleaded guilty. The order of transfer to Queens County for dispositional purposes is dated February 27, 1992. On March 4, 1992, the file was received by this court and a summons was issued directing respondent to appear on March 20, 1992. Respondent appeared, counsel was appointed, respondent was paroled. On May 22, 1992 respondent’s motion to dismiss this proceeding for failure to afford respondent a "speedy dispositional hearing” was filed.[1]
Clearly the delay of 107 days between the factual determination on admission that respondent committed an act which if committed by an adult is a crime and the entry by the Suffolk County Family Court of its determination in the form of a fact-finding order constitutes a violation of the spirit, if not the letter of Family Court Act § 350.1. (See, Matter of Nicole D., NYLJ, June 1, 1992, at 33, col 4.) The presentment agency argues that respondent has suffered no prejudice and that the calculation of the time periods mandated by section 350.1 should commence with the initial appearance of the respondent in this court for the dispositional phase of the proceeding. As to this suggestion, the remedy lies with the Legislature. No exception is delineated in the statute for the time delay attributable to the fact that the fact-finding court has transferred the matter out to another court for the dispositional phase. Apart from the delay attributable to the action of the Suffolk County Family Court by the late entry of the fact-finding order, there is no other violation of section 350.1. In connection with the adjournments granted by this court, both good cause and special circumstances exist.
What is the remedy for the violation of section 350.1? There are decisions at the nisi prius level holding that dismissal of the petition is the sole remedy (Matter of Nicole D., supra; Matter of Tito D., 153 Misc 2d 259; Matter of Daniel C., 151 *186 Misc 2d 730). Is this mandated remedy for violation of the time limitations imposed by section 350.1? To answer this question, an examination of the policy underlying Family Court Act article 3, the nature and interrelation of the hearings embraced therein, the history of the juvenile justice system and the wisdom imparted by common sense must be utilized. Family Court Act § 301.1 entitled "Purpose” is the statutory keystone of article 3: "The purpose of this article is to establish procedures in accordance with due process of law (a) to determine whether a person is a juvenile delinquent and (b) to issue an appropriate order of disposition for any person who is adjudged a juvenile delinquent. In any proceeding under this article, the court shall consider the needs and best interests of the respondent as well as the need for protection of the community” (emphasis supplied).[2] Juvenile delinquency proceedings are quasi criminal in nature with a framework of bifurcation: the first stage being a "fact-finding hearing” — -"a hearing to determine whether the respondent or respondents committed the crime or crimes alleged in the petition or petitions” and a second stage being a "dispositional hearing” —-"a hearing to determine whether the respondent requires supervision, treatment or confinement” (Family Ct Act § 301.2 [6], [7]). The nature and burden of the proof at these two discrete hearings differ which difference is directly related to the purpose of the hearing. At the fact-finding hearing the evidence must be competent, material and relevant and the burden of proof is beyond a reasonable doubt (Family Ct Act § 342.2) whereas at the dispositional hearing the evidence need only be material and relevant and the burden of proof is based on a preponderance of the evidence (Family Ct Act § 350.3).
To accomplish the goals delineated in the statute, the Legislature set forth specific guidelines as to the times of fact-finding and dispositional hearings (Family Ct Act §§340.1, 350.1). There is dicta in the holding in Matter of Frank C. (70 NY2d 408, 414 [1987]) that the Legislature was enlightened and "weighed all competing considerations” as to the imposition of these time limitations. It is the holding and dicta in Matter of Frank C. (supra) that is the basis for the rationale of the cases cited herein as standing for the proposition that a *187 violation of the time limitation for dispositional hearing mandates the remedy of dismissal. It is respectfully submitted that the holding of Frank C. does not require this result and that the dicta in Frank C. is equally compelling in argument for the contrary proposition — that dismissal is not the sole mandated remedy, assuming it is in sound jurisprudential reasoning an appropriate remedy. The holding in Frank C. is succinctly stated in the first paragraph of the opinion: "In this juvenile delinquency proceeding under article 3 of the Family Court Act, we are asked to consider whether dismissal of the presentment agency’s petition is mandatory when the statutorily required fact-finding hearing is delayed beyond the time limits delineated in Family Court Act § 340.1 through no fault or dilatory conduct attributable to the presentment agency. Guided by the legislative goal of assuring speedy adjudications for juveniles, we hold that the source of delay is not controlling and that dismissal is required whenever the statutory requirements for commencing a fact-finding hearing are not satisfied.” (Matter of Frank C., supra, at 410.) The reference to "speedy adjudications for juveniles” in the holding is further clarified by the observation that the Legislature "found the goal of speedy resolution of charges against juveniles to be paramount” (Matter of Frank C., supra, at 414). Frank C. is concerned only with the fact finding and the appropriate remedy for violation of the time limitation statutorily set for such hearing as delineated in section 340.1. The holding in Frank C. obtains its force and clarity from the fact that the Legislature set forth two clear pronouncements with respect to the time limitation for fact-finding hearing which pronouncements are conspicuously absent with respect to the time limitation for dispositional hearing. First, the Legislature pronounced in Family Court Act § 310.2 entitled "Speedy trial”: "[a]fter a petition has been filed, the respondent is entitled to a speedy fact-finding hearing”. This pronouncement is of constitutional dimension emanating from the Fourteenth Amendment of the Federal Constitution. (See, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 310.2, at 330.) Because fact finding is of singular significance, the Legislature in its second pronouncement provided for a specific remedy for violation of the time limitation for holding a speedy fact-finding hearing—
"[a] motion by a respondent [to]
"dismiss] a petition, or any count thereof, on the ground that the respondent has been denied a speedy fact-finding hearing” (Family Ct Act § 332.1 [8]).
Once the respondent has been found guilty beyond a reasonable doubt, the focus and policy of the proceeding markedly *188 shifts.[3] 45Common sense and sound jurisprudential reasoning impel the conclusion that the goal of addressing the needs and best interests of the respondent as well as the need for protection of the community shall not be lightly set at naught by dismissal of the petition once guilt has been established. "It is the dispositional process, more than any other factor, that constitutes the vital distinction between the juvenile justice system and the adult criminal system.” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 495-496.)[4]
The delay between the fact-finding determination and the entry of the fact-finding order is of practical significance. Respondent on parole is enabled to argue that the absence of negative information during the interval between the fact-finding determination and the dispositional hearing — e.g., no new arrest, no truancy at school, appropriate adjustment at home, warrants his remaining in the community whether in conditional discharge or probation or possibly dismissal of the petition in furtherance of justice, adjournment in contemplation of dismissal or in that rare instance, respondent not requiring supervision, treatment or confinement.[5]
The enactment of Family Court Act §§ 340.1, 350.1 and 310.2 at the same time (L 1982, ch 920, § 1) and the enactment of section 332.1 (8) one year later (L 1983, ch 398, § 31) is strongly indicative of legislative intent to treat violation of the time limitation for dispositional hearing different from violation of the time limitation for fact-finding hearing. While the Legislature required dismissal of the petition for violation of the time limitation for fact finding, it did not do so for *189 violation of time limitation for dispositional hearing.[8] To reiterate, the Court of Appeals unanimously viewed the Legislature as informed where the Legislature adopted the time limitations set forth in Family Court Act §§ 340.1 and 350.1. The Legislature at the same time in its wisdom adopted section 310.2 without an analogous declaration as to speedy disposition. The Legislature almost immediately enacted a specific remedy of dismissal for violation of the speedy time limitation at fact finding. At no time did the Legislature voice such concern for violation, no matter how great or trivial, of the time limitation for disposition. It would be incongruous, therefore, to conclude that the Legislature in ignorance and out of ill-information by adopting such an approach desired a violation of the time limitation of dispositional hearing to result in each and every case in dismissal of the petition.[6]
[7] It must be remembered that article 3 viewed as a whole represents a significant achievement, the assurance to the respondent that his or her needs and best interests will be met when that respondent violates the laws of the State of New York and the assurance to the community that its protection will be appropriately considered — all in the context of due process. If the Legislature intended that the petition under article 3 be dismissed for a violation of the time limitation of dispositional hearing delineated in section 350.1, despite the fact finding of guilt beyond a reasonable doubt with the corollary that the needs of respondent and protection of the community must be considered (Family Ct Act §§ 301.1, 351.1, 352.1, 352.2, 353.1, 353.2, 353.3, 353.4, 353.5, 353.6), the Legislature would have so declared its intention. To read such intention into the statute in the absence of legislative declaration in complete disregard of the weighing of the needs and best interests of the respondent and of the protection of the community renders the efficacy by the statute meaningless, holds the law up to mockery and does a disservice both to the community, and to the respondent.
It might be argued that consistency in the statute’s applica *190 tian requires dismissal where there is a violation of section 350.1. Consistency in this respect is as much a vice as a virtue because the rehabilatative policy so clearly underlying the dispositional phase of article 3 proceedings requires a particularized disposition calculated to meet the needs and the best interests of an individual respondent and to reflect the protection of the community as regards that respondent. If consistency is elevated as an end in itself to the exclusion of the purpose of article 3 as reflected in the detailed and well thought out dispositional process enacted by a well-informed Legislature, then a violation of section 350.1 should at least result in imposition of the least restrictive disposition under Family Court Act §§ 352.2 and 353.1, conditional discharge for one year with the condition that respondent not further violate the laws of the State of New York. This result at least partially meets the needs and best interests of the respondent and partially reflects the protection of the community.[8]
Family Court Act § 350.1 is not intended as a trap for the unwary or as a tool to achieve an absurd result.[9] When respondent is on parole there is a notable relaxation of the strictures of section 350.1 where warranted in good faith and with the explicit or implicit consent of respondent through counsel. Simply stated, when respondent is on parole during the dispositional stage and there is no insistence that the time limitation of section 350.1 be scrupulously observed when a particular adjournment is consented to, the absence of prejudice to the respondent and the policy underlying article 3 impel the conclusion that a waiver of the time limitation has been effected for that particular adjournment.[10] In the absence of appellate authority requiring a rule of per se dismissal for *191 violation of Family Court Act § 350.1, this court will not adopt such rule, but will endeavor in accord with due process to observe the mandate of section 301.1, the "Purpose” section. In Matter of Brion H. (161 AD2d 832, 833 [3d Dept 1990]), the appellate court declared: "Although the dispositional hearing was not held within 10 days of the order determining the fact-finding hearing, such delay in the absence of a showing of actual prejudice is not fatal and does not require a reversal of the findings (see, Matter of Gregory C., 131 Misc 2d 685, 688; see also, Besharov, 1987 Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 350.1 [1990 Pocket Part], at 119)”.[11] Appellate case law after the holding in Matter of Frank C. (70 NY2d 408, supra), has clearly not enunciated a rule of per se dismissal for violation of Family Court Act § 350.1 whether respondent is on parole or on remand (see, e.g., Matter of David R., 150 AD2d 161 [1st Dept 1989], supra; Matter of Brion H., supra).
Based on the above analysis this court concludes that dismissal of the petition herein is not warranted, that the delay occasioned by the Suffolk County Family Court’s late entry of its fact-finding order is a factor to be considered at the dispositional hearing and does not otherwise frustrate this court’s power to enter an appropriate dispositional order. Assuming the delay noted above is construed as depriving the court of its ability to hold the dispositional hearing, then this court views the remedy as not being per se dismissal of the petition, but the imposition of the least restrictive dispositional alternative of conditional discharge with the sole condition being a direction to respondent for the period of such discharge not to violate the laws of New York State. Dismissal of the petition might be otherwise warranted in furtherance of justice or pursuant to an adjournment in contemplation of dismissal on a record justifying such relief.[12]

. Family Court Act § 350.1 entitled "Time of dispositional hearing” provides that if the respondent is detained and has not been found to have committed a designated felony act, the hearing must commence within 10 days after the entry of the fact-finding order specifying the count or counts of the petition and the Penal Law section or sections under which the act or acts so stated would constitute a crime if committed by an adult. In all other cases, including where the respondent is detained following a finding he committed a designated felony act, the dispositional hearing shall commence not more than 50 days after the entry of the fact-finding order. The section further provides for adjourning the dispositional hearing upon motion by the court or the presentment agency for a period not to exceed 10 days; upon motion by the respondent for a period not to exceed 30 days — all upon "good cause” shown. Successive motions to adjourn must be based upon "special circumstances.”

. The Practice Commentary to section 301.1 relates to the history of the juvenile justice system culminating in the present juvenile delinquency article (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 301.1, at 263-267). This history narrates "[t]he evolution toward a system designed to meet the needs of the child” with "the first clause, concerning the needs and best interests of the child” in tension with "the second clause, protection of the community” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 301.1, at 263-267).

. It is common sense to observe that an inference arises by virtue of the fact finding of guilt, that the respondent is or may well be in need of supervision, treatment or confinement. This occurs by virtue of understanding that criminal behavior is not praiseworthy, laudable or indicative of advancement of the common good. The dismissal of a petition under article 3 even where there is a fact finding that respondent committed an act which if committed by an adult is a crime is provided for under appropriate circumstances delineated in the statute motion to dismiss in furtherance of justice (Family Ct Act § 315.2); adjournment in contemplation of dismissal (Family Ct Act § 315.3).

. Remarkably, it is acknowledged by the commentator that the interrelation of the dispositional time limitations with the time frame limitation for forensic reports and the necessary trial preparation for the dispositional hearing renders the time frame "simply unworkable.” He recommends that "at least brief adjournments should be granted routinely” and counsel should consider waiving the time requirements (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 498).

. In this court’s experience many respondents on parole have acquiesced through counsel, either actively or passively, in lengthy dispositional adjournments to advance this argument and thereby achieve the desired result of avoiding the imposition of placement.

. This intent emanates from the fact that there is a significant distinction between where the respondent is merely accused and there has been no fact finding, and where the petition has been sustained after a fact-finding hearing and what remains is only disposition (see, Matter of David R., 150 AD2d 161,162 [1st Dept 1989]).

. Matter of Frank C. (supra) is read as standing for the proposition that the silence of the Legislature as to the assurance of a true speedy determination at disposition with the only remedy being dismissal of the petition despite the finding of guilt on the respondent’s part of an act, which would be a crime if committed by an adult, no matter how heinous that act, then under the guise of judicial pronouncement, the judicial branch would indeed be legislating.

. It also has the salutary effect of retaining the fact-finding determination of guilt and thereby teaching respondents that responsibility for one’s conduct is legally recognizable and not to be lightly excused. This also elevates the truth-finding element of article 3 proceedings, comports with due process, and discourages a perception by the juvenile that the law is an intricate game wherein observance of the procedural rules is paramount and the fact of guilt or innocence of secondary importance.

. It is, however, a cognizable time frame to be observed. Indeed it is this court’s experience that where a respondent is in remand, the court, counsel for respondent and for the presentment agency are scrupulous in regard to section 350.1 and it is only on specific consent of respondent that adjournments beyond its time limitations are granted.

. It is ironical that in the adult criminal justice system which is at least punitive in nature, sentencing is to be pronounced without unreasonable delay (CPL 380.30 [1]) while in the purely rehabilitative juvenile justice system a particularized time constraint is imposed for disposition, violations of which it is argued and has been held, requires dismissal. Such social engineering in implementation of advancing the individual and common good appears almost "Kafkaesque”.

. Note Matter of Gregory C. (supra) predates the Court of Appeals decision in Matter of Frank C. (supra), the dicta of which impels many Family Court Judges to conclude that there is a per se rule of dismissal for violation of section 350.1.

. In Matter of Kwane M. (121 AD2d 635 [2d Dept 1986]) and Matter of Carlief V. (121 AD2d 640 [2d Dept 1986]), it was held that dismissal of a delinquency petition in furtherance of justice because the respondent was already placed on a prior delinquency petition and therefore posed no threat to the community and was receiving the necessary supervision, was improper. The appellate court declared that such circumstances did not support a rule of per se dismissal. The overriding mandate of the purpose clause (Family Ct Act § 301.1) to consider the needs and best interests of the respondent as well as the need for protection of the community is implicitly the bedrock of these holdings.