Smith, J.
(dissenting in part). Family Court Act § 340.1 sets forth the time limits applicable to a juvenile delinquency fact-finding hearing. If, as in the case at bar, the respondent is not in detention, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four” (Family Ct Act § 340.1 [2]). Relevant to this case, the hearing for such a respondent may be adjourned on motion of "the presentment agency” or "respondent for good cause shown for not more than thirty days” (Family Ct Act § 340.1 [4] [a], [b]). "Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court’s docket or backlog” (Family Ct Act § 340.1 [6]).
Given these statutory directives, we have properly concluded in this case that "the August 8th request for an adjournment constituted a 'successive motion[ ]’ requiring 'special circumstances’ ” (majority opn, at 901), pursuant to Family Court Act § 340.1 (6). However, because sufficient facts appear on the record to raise the question of special circumstances, I would remand the matter to the Appellate Division for a determination of that issue, allowing the adjudication of juvenile delinquency to remain in the interim. Therefore, I dissent in part.
By the presentment agency’s petition, respondent was charged with the following acts which would be crimes if respondent were an adult: attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]), attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]), attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [5]), and assault in the *903 third degree (Penal Law § 120.00 [l]).[1] At the trial, the complainant testified that she and her husband were accosted in an elevator by two males who demanded their money. One of the perpetrators was armed. She identified respondent as the person who initially had the gun. She further testified that when her husband refused to cooperate, respondent gave the gun to his accomplice and then proceeded to beat the husband. The other perpetrator subsequently struck the complainant in the head with the gun as she attempted to flee. The husband did not testify and the Law Guardian rested without presenting any evidence. The trial court found that the presentment agency had established attempted robbery in the second degree (two counts) and attempted assault in the third degree beyond a reasonable doubt.[2]
Having concluded that the August 8th adjournment was permissible only under special circumstances, the issue becomes whether the unexplained absence of the complainant constituted a special circumstance warranting a brief two-day adjournment. Special circumstances must be determined on a case-by-case basis (Matter of Frank C., 70 NY2d 408, 414). The record indicates that special circumstances may exist.
First, the complainant was the presentment agency’s chief witness. The absence or unavailability of the chief witness in any case, civil or criminal, often occurs and generally a brief adjournment is granted to obtain his or her presence. On August 8th, the presentment agency’s counsel stated that the complainant indicated that she was on her way to court and that others at her home subsequently confirmed that the complainant had departed for court. Given this information, it appears reasonable to grant a two-day adjournment to ascertain what transpired and secure complainant’s presence in court.
Second, this complainant was conversant only in Cantonese and the language barrier may have played some part in her absences. In fact, on one prior occasion, May 24, 1989, complainant’s husband and perhaps the complainant (the record is unclear) appeared in the afternoon. On another occasion, July 18, 1989, the complainant was told by telephone not to appear at court.
*904 Third, since the pending charges were serious, a disposition on the merits was preferable and in the best interests of the respondent and the community. Only a two-day adjournment was at issue.
Based upon the foregoing, consideration of whether special circumstances existed is clearly warranted.
Chief Judge Kaye and Judges Simons, Titone and Hancock, Jr., concur in memorandum; Judge Smith dissents in part in an opinion in which Judge Bellacosa concurs.
Order reversed, etc.

. Prior to trial, the counts charging attempted robbery in the first degree and attempted assault in the second degree were withdrawn because no weapon was recovered.

. On this appeal, the granting of the second adjournment on August 8th, not the sufficiency of the evidence, is at issue.