*1033 OPINION OF THE COURT
Bruce M. Kaplan, J.
Respondent moved to dismiss this juvenile delinquency petition alleging that the respondent, as a member of the Flying Dragons youth gang, did acts which if done by an adult would constitute, inter alia, the charge of attempted grand larceny in the second degree. The grounds for dismissal center on an alleged failure to comply with the time requirements of Family Court Act § 340.1 that mandate that a juvenile must be brought to trial within 60 days of his or her initial appearance or within an additional 30 days upon motion of the presentment agency for good cause shown. Successive adjournments are permitted only upon a showing of special circumstances.
This motion provides an opportunity to revisit "speedy trial” jurisprudence, analyze the interplay between controlling decisional law, and the particular fact patterns in which it arose and, to contrast it with the facts of the instant situation.
The Court of Appeals has stated that Family Court Act § 340.1 is a true speedy trial provision which requires accused juveniles to be brought to trial within a 60-to-90-day period barring a showing of special circumstances. (Matter of Frank C., 70 NY2d 408.)
Section 340.1, time of fact-finding hearing, reads as follows:
"1. If the respondent is in detention and the highest count in the petition charges the commission of a class A, B, or C felony, the fact-finding hearing shall commence not more than fourteen days after the conclusion of the initial appearance except as provided in subdivision four. If the respondent is in detention and the highest count in such petition is less than a class C felony the fact-finding hearing shall commence no more than three days after the conclusion of the initial appearance except as provided in subdivision four.
"2. If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four.
"3. For the purposes of this section, in any case where a proceeding had been removed to the family court pursuant to an order issued pursuant to section 725.05 of the criminal procedure law, the date specified in such order for the defendant’s appearance in the family court shall constitute the date of the initial appearance.
"4. The court may adjourn a fact-finding hearing:
*1034 "(a) on its own motion or on motion of the presentment agency for good cause shown for not more than three days if the respondent is in detention and not more than thirty days if the respondent is not in detention; provided, however, that if there is probable cause to believe the respondent committed a homicide or a crime which resulted in a person being incapacitated from attending court, the court may adjourn the hearing for a reasonable length of time; or
"(b) on motion by the respondent for good cause shown for not more than thirty days; or
"(c) on its own motion for not more than six months if the proceeding has been adjourned in contemplation of dismissal pursuant to section 315.3.
"5. The court shall state on the record the reason for any adjournment of the fact-finding hearing.
"6. Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court’s docket or backlog.”
The factual pattern that bottomed the decision in Frank C. (supra) is most instructive. The respondent made his initial appearance on June 11, 1984 and the matter was adjourned until July 18, 1987 (sic). Although the presentment agency was ready on that date, the matter was successively adjourned to September 25, 1984 and then November 28, 1984 when it was adjourned until January 9, 1985.
A motion to dismiss on speedy trial grounds was granted prior to January 15, 1985 noting that 217 days had lapsed since the date of the respondent’s initial appearance. The court noted that there was a total failure to adduce good cause, or special circumstances for the delay of the commencement of the fact finding.
The Court of Appeals further noted that in adopting Family Court Act § 340.1 the Legislature meant to address all sources of delay within the system, and not just those occasioned by the presentment agency.
It concluded by stating that it was not suggesting that section 340.1 automatically requires dismissal in all cases in which the 60-day time limitation could not be met. "To the contrary, the Legislature built a degree of flexibility into the statute by providing for adjournments in the event of 'good cause shown’ or 'special circumstances.’ Since the parties in *1035 this appeal have not claimed that these statutory tests for permissible adjournments were satisfied here, we do not consider the precise scope of these terms.” (Matter of Frank C., 70 NY2d, supra, at 414.)
In March 1991, the Court of Appeals affirmed the First Department’s decision in Matter of Randy K. (77 NY2d 398), a case only superficially similar to the instant matter.
In Randy K. (supra), the respondent failed to' appear in court on July 8, 1988, following his initial appearance on May 26, 1988. A warrant was issued without an apparent control or adjourned date, and the respondent was eventually returned on the warrant on December 5, 1988.
In dismissing the petition, the Appellate Division (Matter of Randy K., 160 AD2d 338 [1st Dept 1990]) held that fact finding should have begun no later than July 26, 1988, or upon application granted for good cause shown no later than August 26, 1988. It further held that after the expiration of the 90-day period ending August 26, 1988, there should have been applications for successive 30-day periods upon a showing, in the record, of "special circumstances”. It cited Family Court Act § 340.1 (5), which provides that the court shall state on the record the reason for any adjournment of the fact-finding hearing, as authority. It went on to say that once the 60 days and 90 days have elapsed from the time of initial appearance successive motions for adjournments may be obtained for no more than 30 days each.
The Court of Appeals affirmed the Appellate Division concluding that the requirements of Family Court Act § 340.1 were not satisfied.
It reiterated its view that section 340.1 is a speedy hearing provision that furthers rehabilitation of the child by assuring swift and certain determinations of juvenile delinquency proceedings and noted that supervision and monitoring by Family Court is important to achieve those aims. The Court further stated "that the fact-finding hearing was delayed for 150 days without a motion for an adjournment, without an order of adjournment and, accordingly, without any statement on the record for the 'reasons for the adjournment’.” (Matter of Randy K., 77 NY2d, supra, at 402-403.)
It rejected the presentment agency’s argument that the respondent’s nonappearance and resultant issuance of a bench warrant would have been grounds for good cause and special circumstance adjournments. It held, "[t]he sole question, then, *1036 is not what might have happened if the statute had been complied with but what should happen because it was not complied with. Provisions of Family Court Act § 340.1 are mandatory. The Legislature has seen fit to require as a condition for adjourning a hearing that the court must order it and make findings on the record of good cause for the first 30-day adjournment and of special circumstances for subsequent adjournments.” (Matter of Randy K., 77 NY2d, supra, at 403.)
In marked distinction to the Appellate Division discussion, the Court of Appeals opinion does not impose a 30-day limitation for subsequent adjournments.
The dissent of Chief Judge (then Judge) Kaye, in this four to three decision, contended that the failure of the presentment agency to calendar and adjourn the case at successive 30-day intervals during the period of respondent’s action did not require dismissal by virtue of Family Court Act § 340.1. She noted that "section 340.1 is addressed to delays within the system, and not at all to delays occasioned solely by the respondent’s own flight.” (Matter of Randy K., 77 NY2d, supra, at 407.)
Having examined the particular facts on which Frank C. and Randy K. (supra) are based, and counterpointing them against the facts of the instant proceeding, it is concluded that Frank C., and Randy K., being factually inapposite, are not controlling. Accordingly, the motion to dismiss is denied.
In this matter, the initial appearance took place on October 9, 1992, with fact finding scheduled on November 17, 1992. When respondent failed to appear on that date, a warrant was issued with an adjourned date of February 8, 1993. Prior to the issuance of the warrant, respondent’s parents, who apparently are Chinese immigrants, testified that the respondent had been missing since October 9, 1992, that they had refused to report his absence to the police, and that they did not know his whereabouts. A recognition of the practical difficulties engendered by these facts led to that particular adjourned date.
On February 8, 1993, the matter came on for review, at which time it was represented to the court that the respondent’s parents believed he had returned to China. This resulted in another adjournment with a return date of June 7, 1993 and the warrant being extended until that date. On June 3, 1993, the Appellate Division, First Department, having *1037 handed down Matter of Jose R. (194 AD2d 310, lv granted 82 NY2d 656) successive adjournments for special circumstances shown were had to July 7, 1993; August 19, 1993; September 20, 1993; October 22, 1993; November 23, 1993.
On November 26, 1993 respondent was involuntarily returned, and at the request of the Law Guardian the matter was adjourned until December 10, 1993, to allow the Law Guardian to make this motion to dismiss.
This case differs markedly from Frank C. (70 NY2d 408, supra). In that matter, the respondent was always available, and there never had been the necessity for the issuance of a warrant because of his failure to appear in court.
This case differs markedly from Randy K. (supra). In that matter, the Appellate Division, and the Court of Appeals were highly critical of the fact that when the warrant was issued no adjourned date was set and approximately 150 days elapsed until the respondent was returned to court even though he may well have been living at a known location.
In the instant situation, the presentment agency was mindful that the Court of Appeals rejected its Randy K. argument that issuing a bench warrant after a respondent failed to appear excused the presentment agency from doing anything in court until the warrant was executed.
In the instant situation, in order to comply with Randy K. ’s mandate, the matter was recalendared seven times over a period of one year so that the proceeding would not "languish in the docket of Family Court.” (Matter of Randy K., 77 NY2d, supra, at 404.)
The application of controlling principles of statutory construction delineated in McKinney’s Consolidated Laws of NY, Book 1, Statutes §§ 74, 97 and 240 compels the belief that successive adjournments can be granted for a period longer than 30 days if special circumstances are demonstrated.
McKinney’s Consolidated Laws of NY, Book 1, Statutes § 74, Implications from legislative silence, states: "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.”
Additionally, McKinney’s Consolidated Laws of NY, Book 1, Statutes § 97 (all parts to be construed together), directs: "A statute or legislative act is to be construed as a whole, and all *1038 parts of an act are to be read and construed together to determine the legislative intent.”
Finally, McKinney’s Consolidated Laws of NY, Book 1, Statutes §240, Expression of one thing as excluding others: "The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.”
With these maxims firmly in focus, it should also be noted, most respectfully, that the only reference to a 30-day period in Family Court Act § 340.1 appears in subdivision (4). It provides that there can be an adjournment of a fact-finding hearing for not more than 30 days for good cause shown. In contrast, Family Court Act § 340.1 (6) makes no reference to a 30-day limitation but merely requires a showing of special circumstances to adjourn a hearing beyond 90 days. It specifically provides that special circumstances shall not include calendar congestion or the status of the court’s docket or backlog.
Since the limitation of an adjournment to a 30-day period appears only in Family Court Act § 340.1, in subdivision (4), it is likely that the Appellate Division’s holding in Randy K. (supra), which imposes a requirement for successive 30-day adjournments, was based on policy grounds, and not in reliance on statutory language.
This conclusion flows from McKinney’s Consolidated Laws of NY, Book 1, Statutes §§ 74, 97 and 240. Family Court Act § 340.1 (4) and (6) must be read together with the knowledge that the Legislature intended to omit a matter from a particular subdivision if it is not included, and where there are specific references in a subdivision what is omitted or not included was intended to be omitted or excluded.
Since a 30-day adjournment is mentioned only in subdivision (4), the inclusion of the 30-day period in that subdivision renders it inapplicable to subdivision (6), since it is reasonable to conclude that its exclusion from subdivision (6) was deliberate given its proximity to subdivision (4).
In like measure, since the Legislature specifically forbade consideration of calendar congestion and the status of the court’s docket as grounds for a subdivision (6) special circumstances adjournment, those factors could be considered *1039 grounds for a good cause adjournment because they are referred to in subdivision (6), and not referred to in subdivision (4).
In Pajak v Pajak (56 NY2d 394) the Court of Appeals, citing McKinney’s Consolidated Laws of NY, Book 1, Statutes § 74 determined that the Legislature did not intend to permit mental illness as a defense to an action for divorce based on cruel and inhuman treatment because it did not specifically establish it as a defense in Domestic Relations Law § 170 although it established several defenses in Domestic Relations Law § 171 where adultery was alleged. It held that "[t]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended” (Pajak v Pajak, 56 NY2d, supra, at 397; see, People v Nuccio, 78 NY2d 102; Matter of Virginia E. E. v Alberto S. P., 108 Misc 2d 565 [Fam Ct, Queens County 1981]).
Given Frank C.’s observation that the Legislature built a certain amount of flexibility into section 340.1, a subdivision (6) special circumstances adjournment could be granted for a greater period of time than 30 days since only a subdivision (4) good cause adjournment sought beyond the 60th day following the initial appearance is limited to 30 days.
The presentment agency has demonstrated that its diligent and frequent efforts to recalendar this matter for successive adjournments constitute compliance with the policy considerations underlying the existing decisional law. For these reasons, the motion to dismiss is denied.
As the dissents in the Appellate Division and Court of Appeals so cogently recognize, there is something opprobrious that a person whose own purposeful actions have resulted in the inability of the matter to go forward should receive the benefit of such wrongdoing. It is hoped that the Legislature, with some sensitivity to the overburdened dockets of this court, and the not inconsiderable imposition made on them by the requirement for successive 30-day calendaring of warrants, will amend Family Court Act §§ 340.1 and 350.1 to provide an exception consistent with their purpose to deal with delays in the system and, not that occasioned by the irresponsible actions of a respondent.
The matter is adjourned for hearing on February 2, 1994, Part 8. 8th floor. 9:30 A.M.