(January 18, 1996)

■ In the Matter of NERON C., a Person Alleged to be a Juvenile Delinquent, Appellant. [636 NYS2d 773] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered June 27, 1994, which adjudicated respondent a juvenile delinquent, upon a fact-finding determination that he committed acts, which, if committed by an adult, would constitute the crimes of murder in the second degree, attempted robbery in the first degree and attempted robbery in the second degree (two counts), and ordered him to restrictive placement for five years, with the initial eighteen months being in a secured facility, unanimously affirmed, without costs.

We reject respondent's claim of denial of his right to a speedy fact-finding hearing since there was probable cause to believe respondent committed a homicide and in such cases, the statute authorizes the Family Court to adjourn the fact-finding hearing for "a reasonable length of time" (Family Ct Act § 340.1 [4] [a]). As all of the adjournments were exclusively for the purpose of completing hearings on respondent's motion to suppress and deciding his dismissal motion and were never for more than a few days, there was no statutory violation. We note that, notwithstanding the adjournments, the fact-finding hearing was held approximately two months after respondent's initial appearance, consistent with the statute's goal of prompt adjudication of juvenile delinquency proceedings (*see, Matter of Frank C.*, 70 NY2d 408), given that this was a murder case.

Although Family Court Act § 340.1 (6) provides that "[s]uccessive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances", this subdivision is inapplicable in homicide cases. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.