■ In the Matter of ANTHONY R., a Person Alleged to be a Juvenile Delinquent, Respondent. [690 NYS2d 586] —Order, Family Court, New York County (Susan Larabee, J.), entered on or about November 12, 1997, and amended order, same court and Judge, entered on or about January 28, 1998, which dismissed the juvenile delinquency petition for failure to provide a speedy fact-finding hearing, unanimously affirmed, without costs.

Pursuant to Family Court Act § 340.1 (2), a fact-finding hear-

ing must be held within 60 days unless the proceedings are adjourned in accordance with the provisions of Family Court Act § 340.1 (4). Family Court Act § 340.1 is a true speedy trial provision and accordingly, failure to hold a fact-finding hearing within 60 days results in the dismissal of the petition (*Matter of Frank C.*, 70 NY2d 408, 412, 415). In calculating the 60-day period, the period during which a bench warrant is outstanding shall be excluded "provided, however, no period of time may be excluded hereunder unless the respondent's location cannot be determined by the exercise of due diligence or, if the respondent's location is known, his or her presence cannot be obtained by the exercise of due diligence" (Family Ct Act § 340.1 [7]). The statute further provides that "[i]n determining whether due diligence has been exercised, the court shall consider, among other factors, the report presented to the court pursuant to subdivision two of section 312.2 of this article." Family Court Act § 312.2 (2) provides in pertinent part that "[u]pon issuance of a warrant due to the respondent's failure to appear for a scheduled court date, the court shall adjourn the matter to a date certain within thirty days for a report on the efforts made to secure the respondent's appearance in court."

Here, the record is clear that the Presentment Agency made no effort at all to secure respondent's presence in court prior to October 24, 1997, the ninetieth day after the filing of the petition. The Presentment Agency was aware of respondent's address, but no one visited him at home or school. As found by the Family Court, respondent was arrested and returned to court the very first time the police showed up at his home. In view of the Presentment Agency's total lack of effort to execute this warrant prior to October 24, 1997, the Family Court properly found there was failure to exercise due diligence in securing respondent's appearance, and the period of time during which the warrant was outstanding was properly included in calculating the 60-day period in which a fact-finding hearing must be held (Family Ct Act § 340.1 [2], [7]). Concur—Sullivan, J. P., Rosenberger, Nardelli and Rubin, JJ.