■ In the Matter of TASHABA D., a Person Alleged to be a Juvenile Delinquent, Respondent. [805 NYS2d 336]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about March 11, 2004, which dismissed the petition alleging that respondent was a juvenile delinquent on the ground that the allegations in the petition had not been established, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for further proceedings.

Family Court's dismissal of the petition was an abuse of discretion. The presentment agency made a sufficient showing of good cause for a postdeadline adjournment, pursuant to Family Court Act § 340.1 (2) and (4) (a), by citing the sole complaining witness-police officer's unavailability due to recuperation from surgery (see Matter of Nakia L., 81 NY2d 898, 901 [1993] [standard for good cause adjournment more lenient than that for special circumstances adjournment, citing Matter of Frank C., 70 NY2d 408, 414 (1987)]; Matter of Irene B., 244 AD2d 226 [1997], lv denied 91 NY2d 809 [1998] [witness absence due to medical condition sufficiently met standard for special circumstances adjournment]). The court failed to inquire into the merits, length or prejudicial effect of the adjournment request (see Matter of Diogenes V., 245 AD2d 42, 43-44 [1997]), despite the fact that the agency could not proceed in the complainant's absence. The cases relied upon by respondent are distinguishable as either involving a different provision of Family Court Act § 340.1 with different requirements, i.e., section 340.1 (6), or a less compelling good cause showing. The considerable predeadline delay here, most of which was occasioned by respondent or her counsel, while an issue to be considered generally, is not material where the sole question is whether good

cause was shown for a postdeadline adjournment request. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.