■ In the Matter of ANGEL N., a Person Alleged to be a Juvenile Delinquent, Appellant. [822 NYS2d 75]—Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about December 28, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree and menacing in the second degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

The court properly found good cause for a very brief adjournment of the fact-finding hearing (*see Matter of Tashaba D.*, 24 AD3d 148 [2005]). The presentment agency reported that the elderly victim was ill, and there was an indication in the record of inclement weather. Although appellant was in detention, this was the first and only adjournment of the fact-finding proceeding. Under these circumstances, the court properly exercised its discretion in making a finding of good cause without obtaining further information as to the nature of the victim's illness.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The evidence disproved appellant's justification defense beyond a reasonable doubt. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY JONES, Appellant. [821 NYS2d 757]—Judgment, Supreme Court, New York County (Charles J. Tejada, J., at hearing; Bruce Allen, J., at nonjury trial and sentence), rendered September 14, 2004, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.