■ In the Matter of PAUL W., a Person Alleged to be a Juvenile Delinquent, Appellant. [945 NYS2d 684]—

Order of disposition, Family Court, Bronx County (Nancy M. Bannon at suppression hearing, speedy trial motion and fact-finding determination; Monica Drinane, J., at disposition), entered on or about April 20, 2011, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts, which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second degree (two counts), possession of pistol or revolver ammunition, and unlawful possession of a weapon by a person under 16 (two counts), and placed him with the Office of Children and Family Services for a period of 18 months, unanimously reversed, on the law, and the petition dismissed, without costs.

Appellant's suppression motion was properly denied. The evidence showed that the officers, who were on patrol in a high crime area in the early morning hours, received a transmission of two black males with a gun. Upon arriving at the location provided, the officers saw appellant running at full speed and holding his waistband. The officers broadcast a detailed description of appellant and when two other officers, who had heard the transmissions, responded to the location, they saw appellant and another black man crossing the street. Appellant, who sufficiently matched the description, appeared nervous when he noticed the officers, and a bulge was observed in the jacket of appellant's companion. Under these circumstances, there was a reasonable suspicion justifying the stop and frisk of appellant, which recovered a gun, as the officers had a legitimate concern for their safety (*People v Batista*, 88 NY2d 650, 653-654 [1996]; *People v Rivera*, 14 NY2d 441, 446 [1964], *cert denied* 379 US 978 [1965]).

The petition, however, is dismissed because appellant's right to a speedy disposition pursuant to Family Court Act § 340.1 was violated (*see e.g. Matter of Frank C.*, 70 NY2d 408 [1987]). "Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing . . . of special circumstances; such circumstances shall not include calendar congestion" (Family Ct Act § 340.1 [6]). Furthermore, the suppression hearing was not conducted on an expedited basis, as required because appellant was detained (*see* Family Ct Act § 332.2 [4]).

Furthermore, the preclusion motion filed by appellant's counsel pertained only to the third officer's testimony at the fact-finding hearing, and thus, did not provide grounds for delaying the suppression hearing (*see* Family Ct Act § 330.2 [8]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.