OPINION OF THE COURT
Allan Dixon, J.
This matter came on by way of a petition, dated and verified April 5, 1982, alleging the respondent had committed an act, which if done by an adult, would constitute a crime. More particularly, the petition alleges the respondent attempted to steal one pair of shoes valued at $4.55 and that the act would constitute the crime of petit larceny, as defined by section 155.25 of the Penal Law. The matter was heard at hearings held May 19, 1982 and July 14, 1982.
This court is again faced with a substantial lag between the time the matter was heard and the writing of this decision. The question initially raised, therefore, is whether this lag has substantially prejudiced the respondent’s rights. This is an issue very similar to ones faced by this court in the past.
In Matter ofBolgatz this court decided that its failure to write a decision on an omnibus motion submitted on behalf of the respondent until almost a year after it had been filed, sufficiently prejudiced the respondent’s Sixth Amendment rights to justify dismissal of the petition. In Matter of Acevedo, this court used the same logic to dismiss a petition that was not rescheduled by the court until some year and one half after its filing:
The court realizes that these types of problems create situations which are unfair to all the parties involved. *320 Certainly in the instant action, no blame can be placed on anyone but the court for the delay. The prosecuting attorney performed his function admirably, as did the Law Guardians. However, when dealing with the rights of the respondent, the Constitutions of both the United States and New York State require the court to function expeditiously so as not to prejudice any rights.
In Matter of Anthony P. (104 Misc 2d 1024, 1026), Judge Elrich A. Eastman stated “that allowing such person [a defendant] to remain in legal limbo’ for an unreasonable length of time constitutes a denial of due process”. Although Judge Eastman was referring to prosecutorial delay incident to the right of a respondent' to a speedy trial, this court feels that the concept extends to delay in issuing a decision. Nothing could place a respondent in “legal limbo” more than failure of the court to render a decision. This is particularly true when the respondent is a child of tender years. The uncertainty created while waiting for the court to make a decision is one which unduly prejudices that of the infant respondent.
This “legal limbo” which is present in this matter has created a situation which requires the dismissal of the petition in the interest of justice.