OPINION OF THE COURT
Barbara L. Kaiser, J.
This motion to dismiss the petition herein for failure of the court to hold a dispositional hearing within the time frame *686 established by Family Court Act § 350.1 is denied. It appears that this is a case of first impression.
It is true that the language of section 350.1, setting up the schedule for holding a dispositional hearing following fact, finding, closely parallels that of section 340.1, and draws the same distinction between cases where the respondent is detained and cases where the respondent is not detained. Under section 340.1, Family Court decisions have been unanimous that the requirements should be strictly read, in the direction of literal enforcement of the time schedule, with dismissal of the petition as the consequence of failure to comply. (See, Matter of Oranchank, 120 Misc 2d 319; Matter of Anthony P., 104 Misc 2d 1024, 1026; compare, Matter of J. V., 127 Misc 2d 780.)
But there is a significant distinction between the case where the respondent is accused but there has been no fact finding, and the case where the petition has been sustained after a hearing and what remains is only disposition.
Until the fact-finding hearing is held, the presumption of innocence applies, and if it is not overcome by proof beyond a reasonable doubt, the respondent goes free and the court has no further jurisdiction over his or her person. Following the making of a finding by the court (whether based on a hearing or on an admission), when the petition is sustained, the respondent remains within the jurisdiction of the court, and has every reasonable expectation that the court will take some action that will affect him or her. There is no presumption in the respondent’s favor, and the burden of proof for a disposition is only a preponderance of the evidence, if the dispositional recommendation of the Probation Department is contested, which it often is not. Hence the result of a delay in holding a dispositional hearing is not automatically prejudicial to the respondent.
Moreover, when the respondent is detained between the conclusion of the fact-finding and the dispositional hearing— although the statute omits any criteria for the court to use in directing such detention — the reasons for the detention will appear in the record of the court’s proceedings. These would normally include such matters as the nature and seriousness of the delinquent act, the expectation that respondent might fail to appear for disposition, the need to protect the community against other likely criminal acts by the respondent, or even the unavailability of any family to take custody and *687 responsibility. These factors, to the extent applicable, were only speculative until the court made its finding, but now those that the court relies upon can be regarded as substantially established on the basis of the record. They are likely to have a bearing on the court’s determination of a disposition, and the respondent has no reasonable expectation that a disposition will be dispensed with after a finding.[1]
Even when respondents are released in the custody of a parent or other adult, they have no legitimate expectation that no consequences will follow a finding. It is almost a fortiori from the case of the detained respondent that the nondetained respondent is not automatically prejudiced by a delay in scheduling a dispositional hearing. Such a respondent is at liberty until disposition is handed down, and the delay simply extends the period of liberty: arguably the antithesis of prejudice.
None of the foregoing, of course, is meant to suggest that a court is free to delay its disposition indefinitely. The reasoning above applies only to the situation where the delay is in any sense reasonable under the circumstances. The court is, of course, aware that a respondent may feel apprehensive while awaiting disposition, but the existence of such feelings, if not unduly prolonged, does not of itself constitute prejudice.
Finally, the court does not agree that the Probation Department (which in this case was in fact responsible for the final delay) must be regarded as identical in interest with the presentment agency so that the adjournment granted at the request of probation must be charged against the presentment agency. It is the duty of the Probation Department to investigate all possible dispositions, so as to comply with the trinity of standards set out by the statute: protection of the community, best interests of the juvenile and the least restrictive alternative. (Family Ct Act § 352.2.) If placement with a private agency is a possible choice, those agencies have the option of refusing to accept the respondent; in fact, the only agency that can ever be required to accept a juvenile delinquent is the Division for Youth. Thus, even with maximum diligence, the Probation Department may have great difficulty *688 in finding an appropriate placement that meets all the criteria. Realistically, this is most likely to occur with the children most in need of the services to be provided, with the result that the longest intervals between fact finding and disposition may well occur in the cases of these especially needy youngsters. In circumstances such as these, the presentment agency, even though technically a party (Family Ct Act §254 [a]; § 301.2 [12]) must await instructions from the Probation Department, and cannot be held chargeable with any delay. Nor would it in any way further the purposes of the statute at this stage, in cases such as these, to dismiss the petition merely on account of the delay.[2]
There are other circumstances too, which may cause a need to delay disposition for an unpredictable length of time. An example might be the coexistence of several cases against the same respondent, in different courts and overlapping in time, so that probation may consider it desirable to wait for all to be determined before settling on a single disposition to resolve them all.
Thus, although the court is clearly under obligation, to the extent possible, to comply with the timetable set out in Family Court Act § 350.1, it does not follow with the rigor of section 340.1 that the petition must be dismissed if the time limits are overstepped. The movant would have to show substantial and real personal prejudice to the respondent to justify this court in nullifying all of its prior proceedings and its finding on the record. In the view of this court, a bare allegation of prejudice in the motion papers is far from satisfying this requirement.
The motion is denied.

. The appropriate principle here seems to parallel the rule governing the standing of a criminal defendant to move to suppress physical evidence alleged to be the fruit of unreasonable warrantless search and seizure under US Constitution 4th and 14th Amendments. Such standing does not exist unless the defendant has a "reasonable expectation of privacy” at the locus from which the evidence was produced. (See, Fisch, Evidence § 728.)

. The court would be obliged, of course, to dismiss a petition even after it was sustained upon fact finding, if in the dispositional hearing it concluded that the respondent was not in need of supervision, treatment or confinement. (Family Ct Act § 352.1.) A case where such a determination was made would normally not be one where a delay occasioned by a need for extensive investigation of available programs and placements would be likely to occur.