■ In the Matter of DAVID R., Also Known as JOSE R., a Person Alleged to be a Juvenile Delinquent, Respondent.— Order, Family Court, New York County (George Jurow, F.C.J.), entered on or about January 27, 1988, which dismissed the petition, reversed, on the law, the petition reinstated, and the matter remanded for a dispositional hearing pursuant to Family Court Act § 350.1 *et seq.*

Following a fact-finding hearing on December 7, 1987, at which respondent was adjudged to have committed an act which, if done by an adult, would constitute the crime of unauthorized use of a vehicle, this juvenile delinquency proceeding was adjourned for a dispositional hearing. On the

scheduled hearing date, January 27, 1988, the Probation Department caseworker informed the court that she had been unable to complete the investigation and report (I&R) because of a heavy workload and a death in her family, and requested a few days in which to do so. Respondent's counsel objected to any adjournment, and moved to dismiss the petition. The court granted the motion to dismiss, stating that he was "constrained" to do so under the law. This was error.

Pursuant to Family Court Act § 350.1 (3) (a), the court may, in its discretion, adjourn a dispositional hearing for up to 10 days where "good cause" for the delay is shown. In the case at bar, the court acknowledged that the Probation Department's failure to timely complete the I&R "was not either willful or the product of incompetency, neglect or substantial oversight", that this agency had acted in good faith, and that it was "essentially not at fault" for the circumstances necessitating an adjournment. In light of these findings, the Judge was not, as he believed, "without power" or proper grounds to grant a "good cause" adjournment, since such a determination must be made on a case-by-case basis (Matter of Frank C., 70 NY2d 408, 414), and no one factor or combination of factors is necessarily dispositive thereof. (People ex rel. Broomfield v Schall, 132 Misc 2d 846, 848.)

Nor does this case involve the strict enforcement of time requirements generally applied to fact-finding hearings (see, Matter of Frank C., supra; Matter of Vincent M., 125 AD2d 60, affd 70 NY2d 793), for "there is a significant distinction between the case where the respondent is accused but there has been no fact finding, and the case where the petition has been sustained after a hearing and what remains is only disposition." (Matter of Gregory C., 131 Misc 2d 685, 686.)

Finally, we note that although the court was aware that the dispositional hearing date had been scheduled for one day beyond the 50-day period specified in Family Court Act § 350.1 (2), this was not a factor in the court's determination to dismiss the petition. Indeed, to the extent that the one-day delay was raised by respondent's counsel, it was solely in the context of the adjournment being requested for completion of the I&R. On this record, and in light of the fact that respondent was not in detention while awaiting his dispositional hearing, this circumstance does not warrant dismissal.

Accordingly, the order of the Family Court is reversed, the petition is reinstated, and the matter remanded for a dispositional hearing. Concur—Sullivan, J. P., Carro, Kassal and Wallach, JJ.

Asch, J., dissents in a memorandum as follows: I disagree with the finding of the majority of this court that the Department of Probation (the presentment agency at the dispositional hearing) made a showing of "good cause" for a further adjournment of the dispositional hearing, as required by Family Court Act § 350.1 (3) (a).

The fact-finding hearing was held on December 7, 1987. At its conclusion, the Family Court ordered an investigation and report to be conducted by the Department of Probation and adjourned the matter until January 27, 1988. At this adjourned date, the probation officer assigned to the case stated she had not yet interviewed the respondent or his mother, resulting from the fact that she had not sent a letter requesting they appear for an interview. She also stated she had a heavy caseload and had recently suffered a death in the family requiring her to miss work.

The Family Court accepted the circumstances as stated by the Probation Department, i.e., a heavy caseload and lack of neglect, incompetency, substantial oversight or willful behavior on its part "[f]or purposes of its ruling". Nevertheless, it found that "good cause does not include workload demands" and accordingly ruled that it was "constrained" to dismiss the petition.

Under section 350.1 of the Family Court Act, the dispositional hearing for a respondent in such a position shall commence not more than 50 days after entry of the order in the fact-finding hearing (Family Ct Act § 345.1 [1]).

In connection with the analogous provisions of the Family Court Act dealing with the time limits delineated for fact-finding hearings in juvenile delinquency proceedings (Family Ct Act § 340.1), the Court of Appeals has stated: "Guided by the legislative goal of assuring speedy adjudications for juveniles, we hold that the source of delay is not controlling and that dismissal is required whenever the statutory requirements for commencing a fact-finding hearing are not satisfied" (*Matter of Frank C.,* 70 NY2d 408, 410; *see also, Matter of Vincent M.,* 125 AD2d 60, *affd* 70 NY2d 793).

In this case, the Family Court was indeed "constrained" to dismiss the petition since the presentment agency did not show "good cause" for an adjournment. The heavy caseload of the Probation Department did not constitute "good cause" or "special circumstances" warranting further adjournment, even assuming that Department's good faith and lack of neglect. This was made explicit by the Legislature in subdivi-

sion (5) of section 350.1: "Successive motions to adjourn a dispositional hearing beyond the limits enumerated in subdivision one or two shall not be granted in the absence of a showing, on the record, of special circumstances; special circumstances shall not include calendar congestion or the status of the court's docket or backlog."

As noted in McKinney's Practice Commentary, "[f]ifty days provides ample time to complete diagnostic and probation reports while affording counsel the time to prepare for a possibly complex or time consuming hearing" (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 498).

The majority cites *Matter of Gregory C.* (131 Misc 2d 685, 686) for the proposition that there is a significant difference between the enforcement of time requirements as applied to fact-finding hearings as opposed to their enforcement in dispositional hearings. However, *Matter of Gregory C.* was decided before the decision of the Court of Appeals in *Matter of Frank C. (supra),* and I believe a fair reading of that latter case impels a similar treatment of the time requirements in both fact-finding and dispositional hearings.

"Among the most important aspects of the revised procedural rules were the various provisions establishing specific time limitations to govern each stage of the proceeding from arrest through final disposition * * *. The stated purpose of these provisions was to assure swift and certain adjudication at all phases of the delinquency proceeding * * *.

"Moreover, the fact that the Legislature enacted the statute despite the concerns expressed by some regarding the undue burden its strict time limitations would impose on the Family Court system * * * strongly suggests that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to be paramount" *(Matter of Frank C., supra,* at 413-414).

I would, therefore, affirm the order of the Family Court, New York County (George Jurow, F.C.J.), which dismissed the petition.