(May 3, 1990)

■ In the Matter of BRION H., Alleged to be a Juvenile Delinquent, Appellant. CHEMUNG COUNTY ATTORNEY, Respondent.—Mikoll, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered November 5, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, a juvenile under 16 years of age, to wit, 14 years, was alleged in this Family Court Act article 3 proceeding to have engaged in sexual intercourse with a female, then nine years of age, an act which if committed by an adult

would constitute the crime of rape in the first degree. Respondent initially appeared before Family Court on the charge on August 6, 1987 at which time respondent was ordered detained pending a fact-finding hearing scheduled for August 20, 1987.

After the fact-finding hearing Family Court, in its decision and order dated September 9, 1987, found that the evidence did not establish that respondent had committed rape in the first degree but did establish beyond a reasonable doubt that respondent committed an act which if committed by an adult would constitute attempted rape in the first degree. The dispositional hearing scheduled for October 8, 1987 was adjourned to November 5, 1987. On the latter date after the hearing, Family Court entered an order placing respondent in the custody of the Commissioner of Social Services for placement for a period of 18 months subject to the further order of the court. This appeal ensued.

Respondent's first contention, that his rights were violated by placing him in detention pending the proceedings pursuant to Family Court Act § 320.5 (3) and § 350.1 and without conducting a probable cause hearing pursuant to Family Court Act § 325.1 (1), is without merit. The record indicates that there was sufficient information before Family Court on August 6, 1987 to support the order of detention for the protection of the community from a serious risk that respondent might commit a crime pending the hearing. A discussion was held in the court's presence relating to respondent recently threatening another with an axe in addition to the allegations in the petition. Moreover, no objection was made to the detention. Respondent's father objected only to the location of the place of detention based on its distance from the family residence.

Respondent's attorney did not request a probable cause hearing at the initial hearing and, thus, waived the right to it (see, Family Ct Act § 325.1 [4]). Although the dispositional hearing was not held within 10 days of the order determining the fact-finding hearing, such delay in the absence of a showing of actual prejudice is not fatal and does not require a reversal of the findings (see, Matter of Gregory C., 131 Misc 2d 685, 688; see also, Besharov, 1987 Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 350.1 [1990 Pocket Part], at 119).

Respondent's next contention of error, that the finding that he was guilty of attempted rape beyond a reasonable doubt is against the weight of the evidence, is rejected. The testimony

of witnesses present at the time was sufficient, if believed, to establish the essential facts constituting the crime of attempted rape in the first degree if committed by an adult. It was for the trier of the facts to assess the credibility of the witnesses. The alleged victim described respondent's physical position on top of her, his movements and bodily contact in sufficient detail to permit the trier of the fact to conclude beyond a reasonable doubt on all the evidence that respondent attempted to have sexual intercourse with her but, because of the failure to achieve penetration, did not complete the criminal act as defined in Penal Law § 130.35 (3).

Also without merit is respondent's argument that he could not be guilty of attempted rape because an attempt under Penal Law § 110.00 requires the intent to commit a specific crime and there is no intent element in the offense charged because the age of the victim makes the act criminal. The element of intent is satisfied by proof of the intent to have sexual intercourse with the victim.

Equally unpersuasive is respondent's final contention that his right to effective assistance of counsel was violated by the representation afforded him by the Law Guardian. The Law Guardian met with respondent and his parents before the fact-finding hearing and acted to protect respondent's rights. The record indicates that respondent's counsel made inquiries, prepared for the hearing and presented witnesses on respondent's behalf. Respondent's counsel intelligently examined and cross-examined the witnesses. The failure to request a probable cause hearing is not indicative of inadequate representation. Rather, the decision to hold such a preliminary hearing is only a tactical matter. Respondent has not demonstrated that he was denied meaningful representation in this case.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.