OPINION OF THE COURT
Ingrid S. Braslow, J.
The three petitions in the above-referenced matters were sworn to on October 16, 1991 and filed in the Family Court of the State of New York in White Plains. The petitions alleged that the respondent committed acts, which, if committed by an adult would constitute the crimes of assault in the second degree, a class D felony, as defined by section 120.05 (2) of the Penal Law; assault in the third degree, a class A misdemeanor, as defined by section 120.00 of the Penal Law; at *379 tempted assault in the third degree, a class B misdemeanor, as defined by sections 110.00 and 120.00 (1) of the Penal Law and criminal possession of a weapon in the fourth degree, a class A misdemeanor, as defined by section 265.01 (2) of the Penal Law.
On December 20, 1991, the date scheduled for a fact-finding hearing, the respondent appeared personally and with her Law Guardian before Honorable Orazio R. Bellantoni and entered admissions to assault in the third degree, a class A misdemeanor, as defined by section 120.00 of the Penal Law and two counts of menacing, a class B misdemeanor, as defined by section 120.15 of the Penal Law in full satisfaction of all three petitions.
On the same date, the court ordered inter alla, that the dispositional hearing be held on January 22, 1992 at the New Rochelle branch of the Family Court. The written order of fact finding was prepared by the presentment agency, submitted to the court and then signed with notice of entry on January 23, 1992. Although it is not known exactly when the file was physically transferred from White Plains to New Rochelle, it evidently was not located in New Rochelle on January 22, 1992; therefore, the matter was rescheduled for a dispositional hearing on March 18, 1992.
The matter was adjourned to March 25, 1992 at the request of the Law Guardian who was otherwise engaged on March 18, 1992 and who also informed the court of her intention to make a motion to dismiss since the dispositional hearing was untimely. In order to secure the requested adjournment however, she waived the time period from March 18, 1992 to March 25, 1992 in that she would not be allowed to utilize this additional one-week self-imposed delay to support her motion. On April 2, 1992, the Law Guardian served a motion to dismiss upon the presentment agency. On April 9, 1992 the presentment agency served an affirmation in opposition and supporting memorandum of law.
Pursuant to Family Court Act § 350.1 (2), where the respondent is not in detention, as is the case here, the dispositional hearing must be held not more than 50 days after entry of an order under section 345.1 (1) of the Family Court Act. The court, on its own motion or on motion of the presentment agency, may adjourn the dispositional hearing for good cause shown for not more than 10 days. Successive motions for adjournment shall not be granted in the absence of a showing *380 of special circumstances. Of particular import to the case at bar is subdivision (5) of section 350.1 which states, in pertinent part, that "special circumstances shall not include calendar congestion or the status of the court’s docket or backlog.”
The crux of the Law Guardian’s motion is that this petition must be dismissed because more than 50 days have passed and neither the court nor the presentment agency has shown good cause or special circumstances for the delay. The presentment agency argues that the petition should not be dismissed because the respondent has not suffered any substantial or real prejudice as a result of the delay.
This court agrees with the growing body of case law that the time requirements of section 350.1 are analogous to the time requirement of section 340.1 as they apply to fact-finding hearings and are expressed in mandatory terms. Thus, where there is a failure to comply with statutory time limitations, absent a showing of good cause or special circumstances, the petition must be dismissed (Matter of Randy K., 77 NY2d 398; Matter of Frank C., 70 NY2d 408; Matter of Tito D., 153 Misc 2d 259; Matter of Daniel C., 151 Misc 2d 730). The presentment agency’s prejudice argument, with its reliance upon Matter of Gregory C. (131 Misc 2d 685), is outdated in light of the subsequent Court of Appeals cases cited above which impel similar treatment of the time requirements in both fact-finding and dispositional hearings (see, Matter of Tito D., supra).
Both the Law Guardian and the presentment agency calculate the applicable time period from January 23, 1992, the date the written order of fact finding was signed, and entered by the court, thus making it 55 days from that date to March 18, 1992, the date the dispositional hearing was scheduled. Notwithstanding, this court finds that the petitions in the case at bar must be dismissed because the dispositional hearing failed to commence within 50 days of December 20, 1991, the day respondent entered her admissions. In fact, there was an 88-day delay between that date and March 18, 1992.
Case law and legislative interpretation is sparse on the issue of whether or not the clock is to begin running the day a finding or admission is made or whether it begins the date on which an actual written order is entered. Therefore, this court believes that clarification is sorely needed and that this proceeding is the proper one in which to provide it.
To reiterate, section 350.1 (2) states that "the dispositional *381 hearing shall commence not more than fifty days after entry of an order pursuant to subdivision one of section 345.1”. The statute, however, does not define "entry” and a review of legislative history does not provide any further assistance. As a result, this court’s conclusion that "fifty days after entry of an order” means 50 days after the conclusion of the fact-finding process is based upon Sobie, Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 495), analogous case law, and the sentencing guidelines of CPL 380.30.
First, Professor Merril Sobie, in Practice Commentaries to section 350.1 (op. cit., at 498), which discuss the 50-day time limitation asserts that: "the dispositional hearing must be scheduled to commence within fifty days of the conclusion of the fact-finding process * * * Fifty days provides ample time to complete diagnostic and probation reports while affording counsel the time to prepare for a possibly complex or time consuming hearing” (emphasis added).
Clearly, Professor Sobie interprets the 50-day limit as beginning on the court date when either a finding or an admission is made, not on an indeterminate date when an order is ultimately reduced to writing and entered. Furthermore, the First Department, in Matter of David R. (150 AD2d 161), construed the commencement of the time limitations in the same manner.
In addition, since the speedy trial provisions of the Family Court Act contained in section 310.2 are derived from the speedy trial provisions of CPL 30.20, this court finds it appropriate, by way of analogy, to also review the sentencing provisions of the Criminal Procedure Law contained in section 380.30 as an aid to the present inquiry.
Section 380.30 states quite simply that "[s]entence must be pronounced without unreasonable delay.” The courts, in determining what constitutes unreasonable delay, begin their analysis with the date on which a verdict or plea was rendered (see, People v Drake, 61 NY2d 359). There is no reason to treat the commencement of a dispositional hearing any differently. While timely sentencing for an adult assures that prompt and certain punishment has been imposed upon a defendant (People v Drake, supra, 61 NY2d, at 365), timely dispositions in juvenile delinquency cases assure swift and certain adjudication (Matter of Frank C., supra, 70 NY2d, at 413).
In the case at bar, the dispositional hearing failed to com *382 menee within 50 days of the entry of the fact-finding order which this court holds occurred on December 20, 1991 when respondent made admissions and the fact-finding process was concluded. In fact, it was not scheduled until 88 days after the respondent entered her admissions. The presentment agency has not alleged good cause and/or special circumstances for this delay. Furthermore, the delay appears to be the result of scheduling problems caused by the transfer of the proceeding from White Plains to New Rochelle, which as stated earlier, do not qualify as special circumstances.
To operate under the assumption that the time calculations for the commencement of a dispositional hearing begin only when a written order is signed and entered would, in this court’s opinion, allow for further delay, in that the speed at which the dispositional hearing is scheduled will be determined by the speed at which either the presentment agency or the Law Guardian submits a written order to the court. Thus, the commencement of dispositional hearings will vary from respondent to respondent depending upon how promptly counsel acts in submitting a written order. Clearly, this lack of uniformity and equity is not what the statute was intended to ensure. Both logic and the interests of judicial consistency dictate that the time limitation for dispositional hearings begin to run within 50 days of the conclusion of the fact-finding process.
Accordingly, the motion is granted and the petitions are dismissed.