# In the Matter of ROSHON P., Appellant.

Second Department, October 13, 1992

## APPEARANCES OF COUNSEL

*George E. Reed, Jr.,* White Plains, for appellant.

*Marilyn J. Slaatten, County Attorney of Westchester County,* White Plains *(Carol L. Van Scoyoc* and *Peter A. Carbone* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The question to be answered on appeal is whether the appellant's right to a speedy dispositional hearing was violated, and the consequences thereof.

### I

On October 11, 1991, the appellant admitted that he had committed an act which, if committed by an adult, would constitute the crime of attempted robbery in the third degree. The Family Court scheduled a dispositional hearing for December 9, 1991. A fact-finding order reflecting the appellant's admission was entered on November 13, 1991. The appellant's Law Guardian failed to appear on December 9, 1991, the date scheduled for disposition, and the court, *sua sponte,* adjourned the proceeding to January 3, 1992. On appeal, the appellant alleges that the petition should have been dismissed based upon the violation of his right to a speedy dispositional hearing. We agree.

### II

Family Court Act § 350.1 (2) provides that where the

respondent is not in detention, as is the case here, the dispositional hearing must be held not more than 50 days after the entry of an order pursuant to Family Court Act § 345.1 (1). Family Court Act § 345.1 (1) merely provides that the court shall enter an appropriate order and schedule a dispositional hearing pursuant to Family Court Act § 350.1 if the allegations of a petition or specific counts of a petition concerning the commission of a crime are established. The statutes do not define the term "entry" and a review of the legislative history does not provide any further assistance (see, *Matter of Nicole D.,* — Misc 2d — [Fam Ct, Westchester County, Apr. 13, 1992]). Thus, it is necessary to determine whether the clock begins running on the day a finding or admission is made, which in this case, is October 11, 1991, or whether it begins on the day on which an actual written order is entered, in this case November 13, 1991. Inherent in the definition of the term "entry" is the fact that it encompasses a written order (see, Black's Law Dictionary 533 [6th ed 1990]). Thus, the November 13, 1991, date of entry is deemed the date on which the 50-day period began to run in the instant case (cf., *Matter of Nicole D., supra),* and, contrary to the appellant's contention, the initial December 9, 1991, dispositional date was timely.

### III

Next, it is necessary to determine whether the appellant is entitled to a dismissal of his petition based upon the 25-day adjournment ordered when the Law Guardian failed to appear for the scheduled December 9, 1991, dispositional hearing. Family Court Act § 350.1 (3) provides that the court may adjourn the dispositional hearing:

"(a) on its own motion or on motion of the presentment agency for good cause shown for not more than ten days; or

"(b) on motion by the respondent for good cause shown for not more than thirty days".

In the instant case, the Family Court determined that, by failing to appear on December 9, 1991, when both the court and presentment agency were ready to proceed, the Law Guardian had waived any time constraints. Accordingly, the court, *sua sponte,* adjourned the proceedings to January 3, 1992.

*Since Matter of Frank C.* (70 NY2d 408), the Court of Appeals has "consistently stressed the importance of punctilious attention to the letter of protections available throughout

the entire juvenile delinquent adjudication process. The commands of Family Court Act § 350.1 are, like those of Family Court Act § 340.1, framed in mandatory, not precatory terms" *(Matter of Daniel C.,* 151 Misc 2d 730, 733-734). As the Court of Appeals noted in *Matter of Frank C.,* "[a]mong the most important aspects of the [new article 3] procedural rules were the various provisions establishing specific time limitations to govern each stage of the proceeding from arrest through final disposition * * * The stated purpose of these provisions was to assure swift and certain adjudication at all phases of the delinquency proceeding" *(Matter of Frank C., supra,* at 413). In *Matter of Randy K.* (77 NY2d 398), the Court of Appeals stated, "In contrast to a criminal prosecution, juvenile delinquency proceedings are civil in nature, the purpose, in part, being rehabilitation of the child through consideration of the needs and interests of the child * * * The speedy hearing provision furthers this purpose by assuring swift and certain determinations of juvenile delinquency proceedings" *(see, Matter of Randy K., supra,* at 402).

In light of the interpretations by the Court of Appeals of these provisions, we must conclude that the 25-day adjournment based upon the Law Guardian's failure to appear, contrary to the specific time limitations contained in Family Court Act § 350.1 (3), improperly vitiated the aims of ensuring a swift and certain determination of the proceeding and supervision of the juvenile *(see, Matter of Frank C.,* 70 NY2d 408, *supra; Matter of Randy K.,* 77 NY2d 398, *supra).* While the Law Guardian's failure to appear constituted "good cause" for the court to have adjourned the proceedings for a period of 10 days pursuant to Family Court Act § 350.1 (3) (a), it cannot be equated with the appellant's having made a motion for a longer adjournment based on good cause shown under Family Court Act § 350.1 (3) (b).

Accordingly, the appellant's right to a speedy dispositional hearing was violated and the proceeding should have been dismissed. Based on the foregoing, it is unnecessary to reach the appellant's remaining contention.

THOMPSON, J. P., ROSENBLATT, LAWRENCE and RITTER, JJ., concur.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1 (1).