■ In the Matter of FARUQ F., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Staton,

J.), entered September 5, 1991, which dismissed the petition at the dispositional phase of the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

In this case, the respondent failed to appear at a timely-set dispositional hearing, and a bench warrant was issued. More than 100 days passed before he was involuntarily returned on the warrant. During that time, the presentment agency made no motion to adjourn the hearing and no adjournment was ever ordered. The court made no statement of the reason for any adjournment on the record as required by Family Court Act § 350.1 (3) and (4).

The presentment agency, having failed to avail itself of the vehicle through which the instant case could have been salvaged, cannot now complain that the petition was dismissed. As with Family Court Act § 340.1, the Legislature, in Family Court Act § 350.1, has seen fit to require as a condition for adjourning a hearing that the court make findings on the record of good cause for the first adjournment and of special circumstances for subsequent adjournments *(see, Matter of Randy K.,* 77 NY2d 398; *Matter of Roshon P.,* 182 AD2d 346). Moreover, Family Court Act § 350.1 creates no exception from these mandates when the juvenile has failed to appear and is being sought under a bench warrant. While it may appear to be an undue burden to require the presentment agency to request successive adjournments, to require otherwise would constitute the "impermissible judicial rewriting of the statute" frowned upon by the Court of Appeals in *Matter of Randy K. (supra,* at 404). We find that if a change is warranted, it is a change to be accomplished through legislation.

Moreover, to the extent that the Appellate Divisions in the First and Third Departments have drawn a distinction between the case where the juvenile is accused but there has been no fact-finding, and the case where the petition has been sustained after a hearing and what remains is only disposition *(see, Matter of David R.,* 150 AD2d 161; *Matter of Brion H.,* 161 AD2d 832), we decline to follow those cases. Thompson, J. P., Lawrence and Ritter, JJ., concur.

Rosenblatt, J., dissents and votes to reverse the order appealed from, with the following memorandum: I respectfully dissent.

A greatly overburdened Family Court, at the hub of a system flooded with daunting problems in coordinating calen-

dars and appearances of a host of participants and agencies, should not be compelled to recognize a claim of an individual who admitted his factual guilt before the court, and then, by his own willful actions, thwarted a dispositional hearing, only to assert that *his* rights under the Family Court Act § 350.1 timetable were violated.

Because this case involves a dispositional hearing, as opposed to a fact-finding hearing before which the presumption of innocence is paramount, I would not extend *Matter of Randy K.* (77 NY2d 398) beyond the holding of the Court of Appeals.

The Court of Appeals, in *Matter of Randy K. (supra)*, held that the need for stringent timetables is manifest, and the ultimate remedy, dismissal, is assessed as the sanction for the presentment agency's lack of vigilance at the pre-fact-finding hearing stage. *Matter of Frank C.* (70 NY2d 408) and *Matter of Randy K. (supra)* stressed the importance of timeliness in all phases of the proceeding, including, of course, a phase as important as the dispositional hearing. But when the offender's miscreance is at the root of it all, it strikes me as inappropriate to reward that miscreance with a release, while punishing the agency to the same degree as in the case of a failed fact-finding hearing, at which factual guilt was as yet undetermined. While the source of the delay (here, the juvenile having absconded) is not controlling *(see, Matter of Frank C., supra,* at 410), it is at least relevant in weighing the remedy to be imposed, and, in my view, tips the balance *(cf., Matter of Roshon P.,* 182 AD2d 346).

For timetabling purposes, the Appellate Divisions in the First and Third Departments have distinguished between fact-finding hearings and dispositional hearings *(see, Matter of David R.,* 150 AD2d 161; *Matter of Brion H.,* 161 AD2d 832; *see also, Matter of Jose Z.,* NYLJ, Apr. 20, 1992, at 29, col 2 [Fam Ct, NY County, Sheindlin, J.]), and the Family Court statutory scheme does so as well. I would apply that distinction where the offender's absconding is involved, in contrast to a case in which the court adjourned the dispositional hearing beyond the statutory limit when there was no reason to believe that the juvenile and his Law Guardian would not appear if the proceedings were adjourned to a time that fell with the statutory period *(cf., Matter of Roshon P., supra).*

The declared statutory penalty for a violation of Family Court Act § 340.1 (time of fact-finding hearing) is dismissal *(see,* Family Ct Act §§ 310.2, 332.1 [8]). Similarly, dismissal is the declared statutory remedy for a Statute of Limitations

violation (Family Ct Act §§ 302.2, 332.1 [9]). There is no parallel statutory provision for dismissal based on a violation of Family Court Act § 350.1 (time of dispositional hearing), and I would not extend *Matter of Randy K. (supra)* by writing one in.