(June 3, 1993)

■ In the Matter of JOSE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [598 NYS2d 243] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered March 13, 1992, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act, which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, and placed him with the Division for Youth, Title II, for 12 months, and order of the same court, entered April 8, 1992, which denied appellant's motion to dismiss the petition, unanimously reversed, on the law, the motion granted and the petition dismissed, without costs.

After appellant pleaded guilty to unauthorized use of a vehicle in the third degree, the Family Court ordered a dispositional hearing to take place on November 13, 1990. On that date, the court adjourned the matter until November 23, 1990 because appellant's mother had not yet been interviewed by the Probation Department. As it was not yet ready to issue a final order of disposition, the court permitted appellant to remain free pending disposition on condition that he attend Alternative Detention School. On the adjourned date, the law guardian stated that she waived speedy disposition and the matter was adjourned to December 21, 1990. On December 14, 1990, prior to the adjourned date, the court, which had apparently received information that appellant had absconded, issued a bench warrant and set December 21, 1990 as the "warrant control date." Thereafter, the court extended the warrant on December 21, 1990, January 2, 1991, February 4, 1991, March 11, 1991, and April 11, 1991. On May 10, 1991, in the absence of the parties, the court, noting that the law guardian had "specifically waived speedy disposition," extended the warrant one year. On February 24, 1992, appellant was returned on the warrant. On February 25, 1992, the law guardian moved to dismiss based on failure to provide a speedy disposition. After two more adjournments, a dispositional hearing took place after which appellant was adjudicated a juvenile delinquent. On April 8, 1992, the court denied appellant's motion to dismiss, holding, *inter alia,* that Family Court Act § 350.1 did not require dismissal for noncompliance with the statute's speedy disposition requirements, particularly when appellant's failure to appear was the sole cause of the delay.

Family Court Act § 350.1 (2) provides that where a juvenile

is not in detention, the dispositional hearing must be held not more than 50 days after entry of an order. The court may, on its own motion, or on the motion of the presentment agency, adjourn the dispositional hearing for good cause for not more than 10 days (Family Ct Act § 350.1 [3] [a]). Successive motions to adjourn the dispositional hearing may be granted only upon a showing, upon the record, of special circumstances (Family Ct Act § 350.1 [5]).

In *Matter of Randy K.* (77 NY2d 398), the Court of Appeals held that, under Family Court Act § 340.1, the Family Court's failure to hold a speedy fact-finding hearing or to adjourn the matter every 30 days upon a showing of good cause compelled a finding that the petition should be dismissed. The Family Court's failure to act in a timely fashion in that case was for reasons almost identical to those in the within case, i.e., the juvenile defendant had failed to appear on an adjourned date and a warrant had been issued for his arrest. The Court's decision was based on the specific, mandatory language of section 340.1.

Respondent argues that the provisions of *Randy K.* are inapplicable to the within proceeding, because this proceeding deals with the failure to timely hold a dispositional hearing under section 350.1 while *Randy K.* dealt with a failure to timely hold a fact-finding hearing under section 340.1. However, in view of the virtually identical statutory language governing the two procedures, we find no reasonable basis to distinguish them. It would clearly be inappropriate for this Court to read into section 350.1, provisions which the Court of Appeals specifically declined to read into section 340.1.

Respondent alternatively argues that the subject provisions of section 350.1 were waived by the statement of the law guardian, on November 23, 1990, that she waived speedy disposition. However, the record reveals no basis to suppose that this waiver was intended to extend beyond the single adjournment at issue on that date. It would not be a fair reading of the record to attribute to the law guardian's statement of November 23, 1990 a consent to the multiple subsequent adjournments which extended for a period of almost a year and a half.

Under such circumstance, the proceeding must be dismissed. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Kassal, JJ.