■ In the Matter of LAKIESHA Y., a Person Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY, Respondent. [600 NYS2d 361] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered May 18, 1992, which, *inter alia,* in a proceeding pursuant to Family Court Act article 3, transferred the matter to Rensselaer County, and (2) from an order of the Family Court of Rensselaer County (Perkinson, J.), entered October 5, 1992, which, in a proceeding pursuant to Family Court Act article 3, granted petitioner's application to adjudicate respondent a juvenile delinquent.

The petition in this juvenile delinquency proceeding, dated April 10, 1992, charged respondent with conduct which, if committed by an adult, would constitute the crime of petit larceny as defined by Penal Law § 155.25, a class A misdemeanor. At her initial appearance before the Albany County Family Court on May 8, 1992, respondent admitted committing the charged acts; a fact-finding order was entered on May 18, 1992, together with an order transferring the case to Rensselaer County, the county of respondent's residence, for disposition.

After transfer, Rensselaer County Family Court scheduled a dispositional hearing for June 17, 1992. When respondent failed to appear, the hearing was adjourned until July 15, 1992, at which time respondent appeared. The presentment agency, however, requested a further adjournment, so that the Probation Department could review dispositional alternatives and prepare a report. The matter was adjourned an additional 35 days for this purpose, and on August 19, 1992, 93 days after the fact-finding order was entered, the dispositional hearing was finally held and respondent was sentenced to two years' probation.

Respondent contends, and we agree, that the failure to hold a dispositional hearing within the time period specified by Family Court Act § 350.1 mandates dismissal of the petition. The Court of Appeals has repeatedly instructed that the

statutory time limits for juvenile delinquency proceedings are to be rigorously enforced *(see, Matter of Randy K.,* 77 NY2d 398, 404; *Matter of Frank C.,* 70 NY2d 408, 413-414), and that dismissal is the appropriate remedy for failure to comply *(see, Matter of Frank C., supra,* at 414). Although these cases specifically addressed the fact-finding portion of the proceeding, the rationale underlying the Court of Appeals decisions applies with equal force to the scheduling of a dispositional hearing *(see, Matter of Christopher WW.,* 189 AD2d 411, 413-414; *Matter of Roshon P.,* 182 AD2d 346, 349, *lv denied* 80 NY2d 762).

Here, the hearing was originally scheduled well within the 50-day limit set out in Family Court Act § 350.1 (2). When respondent failed to appear on June 17, 1992, it was apparent that she had not been notified of the hearing date and respondent's attorney asked Family Court for an opportunity to contact respondent by mail. This was, in effect, a request for an adjournment, made on behalf of respondent, and the lack of notice, in our view, constitutes "good cause" for the delay. This initial adjournment was therefore permissible under the statute *(see,* Family Ct Act § 350.1 [3] [b]).

The second adjournment, from July 15, 1992 to August 19, 1992, however, is more problematic, for the statute permits successive adjournments only upon a showing of special circumstances *(see,* Family Ct Act § 350.1 [5]), a more stringent standard than "good cause" *(see, Matter of Frank C., supra,* at 414). Petitioner attempts to justify this delay by noting that it was only after respondent failed to appear on June 17, 1992 that the need to undertake an investigation of respondent became apparent. This does not explain, however, why the investigation was not begun immediately after her failure to appear at that time, nor does it warrant the 35-day adjournment petitioner was accorded at the July 15, 1992 hearing. Furthermore, petitioner made no explicit claim or showing that special circumstances existed in this case, nor was such a finding placed on the record as the reason for the second adjournment *(see,* Family Ct Act § 350.1 [4]; *Matter of Faruq F.,* 186 AD2d 799, 800). Inasmuch as the second adjournment did not comply with the statutory requirements, the petition must be dismissed.

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petition dismissed.