■ In the Matter of JAMES W., a Person Alleged to be a Juvenile Delinquent, Respondent. [601 NYS2d 843] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Staton, J.), dated March 14, 1992, which dismissed the petition at the dispositional phase of the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

On October 23, 1991, the Family Court issued a fact-finding

order which found that the respondent committed acts constituting the crime of unauthorized use of a motor vehicle in the third degree. The matter was adjourned to December 13, 1991, for a dispositional hearing. When the respondent failed to appear on that date, the court issued a warrant, stayed the warrant, and adjourned the matter to December 16, 1991. The respondent appeared in court on December 16, 1991, and the presentment agency requested an adjournment in order to obtain a mental health evaluation of the respondent. Over the Law Guardian's objection, the court adjourned the hearing for that purpose for 30 days to January 14, 1992. Prior to January 14, 1992, the Law Guardian moved to dismiss the petition on the ground that the 30-day adjournment violated the respondent's right to a speedy dispositional hearing. We find that the Family Court did not err in dismissing the petition, as the 30-day adjournment violated the time constraints in Family Court Act § 350.1, and the adjournment should only have been for 10 days *(see, Matter of Faruq F.,* 186 AD2d 799; *Matter of Roshon P.,* 182 AD2d 346; *see also, Matter of Nakia L.,* 81 NY2d 898; *Matter of Frank C.,* 70 NY2d 408). The agency's contention that "special circumstances" justified the adjournment pursuant to Family Court Act § 350.1 (5) was not raised in the Family Court, and we decline to consider it for the first time on appeal *(see,* Family Ct Act § 350.1 [4]; *cf., Matter of Randy K.,* 77 NY2d 398). Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.