■ In the Matter of LEON H., a Person Alleged to be a Juvenile Delinquent, Respondent. [601 NYS2d 158] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a decision of the Family Court, Kings County (Burstein, J.), dated October 25, 1991, which held that the petition should be dismissed at the dispositional phase of the proceeding, and (2) an order of the same court, dated January 24, 1992, thereon.

Ordered that the appeal from the decision dated October 25, 1991, is dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the order dated January 24, 1992, is affirmed, without costs or disbursements.

Family Court Act § 350.1 (2) provides that where a juvenile is not in detention, the dispositional hearing must be held not more than 50 days after entry of an order following a fact-finding hearing. The court may, on its own motion, or on the motion of the presentment agency, adjourn the dispositional

hearing for good cause for not more than 10 days *(see,* Family Ct Act § 350.1 [3] [a]). Successive motions to adjourn the dispositional hearing may be granted only upon a showing, upon the record, of special circumstances *(see,* Family Ct Act § 350.1 [5]).

In this case, a fact-finding order entered on July 29, 1991, directed the Department of Probation to prepare an Investigation and Report and scheduled a dispositional hearing for September 13, 1991 (Family Ct Act § 351.1). On that date, 46 days after the fact-finding order, the Probation Department requested an adjournment because it had not finished its Investigation and Report due to a death in the family of the assigned probation officer, requiring him to reschedule an appointment with respondent, whose family was then unable to attend the second appointment. The court granted an adjournment to September 26, 1991, finding "good cause" based upon the death in the probation officer's family and the inability of the respondent's family to attend the second appointment with him. On the adjourned date, the Probation Department gave the court its investigation and report, but requested an adjournment so that it could obtain school records, an exploration of placement, and a mental health study of the respondent. The Law Guardian opposed an adjournment, arguing that since the presentment agency and the Probation Department were not ready and did not present "special circumstances" for a further adjournment, the petition should be dismissed. The Family Court dismissed the petition upon its finding that the presentment agency did not comply with the time limits governing dispositional hearings set forth in Family Court Act § 350.1. The court concluded that the presentment agency further did not establish that the Probation Department's failure to obtain the respondent's school records, or to demonstrate the need for an exploration of placement or mental health study, presented special circumstances requiring an adjournment *(see,* Family Ct Act § 340.1 [6]). We agree.

The dispositional hearing did not commence by September 26, 1991, 59 days after the fact-finding order, and we find no "special circumstances" in this record to warrant the adjournments beyond that date. Findings on the record are a mandatory condition for adjourning a dispositional hearing beyond the statutorily-prescribed time limitations *(see, Matter of Randy K.,* 77 NY2d 398; *Matter of Frank C.,* 70 NY2d 408; *Matter of Faruq F.,* 186 AD2d 799; *Matter of Roshon P.,* 182 AD2d 346). The record did not establish the need for an

exploration of placement and mental health study for disposition of the case. Moreover, the probation department's failure to complete its investigation under these circumstances did not constitute "special circumstances" warranting a second adjournment *(cf., Matter of David R.,* 150 AD2d 161). Sullivan, J. P., Balletta, Ritter and Pizzuto, JJ., concur.