[618 NYS2d 904]

# In the Matter of ATTHIS D., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, November 22, 1994

## APPEARANCES OF COUNSEL

*Kristin M. Helmers* of counsel, New York City *(Pamela Seider Dolgow* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellant.

*Salvatore C. Adamo,* New York City, for respondent.

## OPINION OF THE COURT

KUPFERMAN, J.

On April 4, 1993, respondent, who was then 14 years old, was arrested in the 116th Street subway station after confessing to stabbing another youth. The police recovered a black knife with an 8½-inch blade from respondent who was issued a desk appearance ticket with his mother guaranteeing his future appearance in court.

On May 11, 1993, the presentment agency filed a petition charging respondent with one count each of assault in the second and third degrees and criminal possession of a weapon in the fourth degree. On the date the petition was filed, respondent failed to appear and a warrant was issued for his arrest. Respondent was rearrested on June 4, 1993, in the Bronx, for an unrelated crime. He was issued a desk appearance ticket directing him to appear in the Bronx County Family Court on June 18, 1993. On that date, the Corporation Counsel determined that there was an outstanding warrant for respondent's arrest and, as a result, respondent was placed in detention and prepared for return to New York County.

The following Monday, June 21st, respondent made his initial appearance in New York County Family Court. After his Law Guardian entered a general denial, respondent was remanded and the matter set down for a fact-finding hearing on June 24, 1993. By notice of motion dated June 24, 1993, respondent sought, *inter alia,* dismissal of the petition pursuant to Family Court Act § 320.2 (1) for failure of the presentment agency to commence the initial appearance within 10 days of the filing of the petition. The presentment agency opposed and argued, *inter alia,* that the delay was the respondent's fault and that he had waived his objection by not raising the issue before the scheduled date of the fact-finding proceeding.

In granting respondent's motion, the Family Court found that the petitioner did not attempt to show good cause for the delay beyond 10 days from the filing of the petition and, relying on *Matter of Randy K.* (77 NY2d 398) and *Matter of Robert S.* (192 AD2d 612), held that, without a showing of good cause for the delay, dismissal of the juvenile delinquency petition is the appropriate remedy. We disagree.

The Family Court's reliance upon *Matter of Robert S. (supra),* which in turn relied exclusively upon *Matter of Randy K.* (77 NY2d 398, *supra),* may have been appropriate at the time of its decision on June 29, 1993, in light of the then general understanding that *Randy K.* applied to all phases of a juvenile delinquency proceeding *(see, e.g., Matter of Lakiesha Y.,* 195 AD2d 821, 822 ["the rationale underlying the Court of Appeals decisions (in *Matter of Randy K., supra,* at 404; *Matter of Frank C.,* 70 NY2d 408, 413-414) applies with equal force to the scheduling of a dispositional hearing *(see, Matter of Christopher WW.,* 189 AD2d 411, 413-414; *Matter of Roshon P.,* 182 AD2d 346, 349, *lv denied* 80 NY2d 762)"]; *see also, Matter of Faruq F.,* 186 AD2d 799; *but see, Matter of David R.,* 150 AD2d 161; *Matter of Eddie M.,* 196 AD2d 25, 29, *lv denied* 83 NY2d 757 ["(w)hile statutory reform would be most welcome, as urged by the dissenters in *Matter of Randy K.* (77 NY2d 398), we must in the interim rely upon the courts' reasonable interpretation of those legislative provisions that expressly permit adjournments for good cause shown and special circumstances."]).

Indeed, in *Matter of Jose R.* (194 AD2d 310, 311 [June 3, 1993]), this Court had found that in view of the virtually identical statutory language governing the two procedures (fact-finding and dispositional), "we find no reasonable basis to distinguish them. It would clearly be inappropriate for this Court to read into section 350.1, provisions which the Court of Appeals specifically declined to read into section 340.1."

In reversing that determination, however, the Court of Appeals (per Bellacosa, J.) found, in *Matter of Jose R.* (83 NY2d 388, 393-394): "A significant language distinction exists between the statutory framework involving the dispositional phase and fact finding. For Family Court Act § 310.2 fact finding, the Legislature enacted a specific right to speedy adjudication. The express terms of this provision limit this protection to the fact-finding adjudication. The section is silent with respect to the dispositional phase. Even assuming an

overarching speedy dispositional phase right does pertain, the Family Court Act does not correspondingly direct dismissal relief for a lapse in that regard, after fact-finding adjudication has been completed. As a matter of note, too, Family Court Act § 332.1 does provide expressly for dismissal of petitions and does not include failure of speedy dispositional hearing as a ground. 'Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" ' *(Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665, quoting *Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209; McKinney's Cons Laws of NY, Book 1, Statutes § 240)."

The foregoing rationale, which distinguishes the dispositional phase of the proceeding from the fact-finding phase, applies with equal force to the initial appearance phase of the proceeding, which like the dispositional phase has no specific "speedy trial" provision.

Unlike Family Court Act § 310.2, which specifies that after a petition has been filed, the respondent is entitled to a speedy fact-finding hearing, Family Court Act § 320.2 (1) provides in pertinent part: "If the respondent is not detained, the initial appearance shall be held as soon as practicable, and, absent good cause shown, within ten days after a petition is filed."*

---

* Subsequent to the argument of this appeal, it has come to our attention that recently, at the request of the Judiciary, subdivision (1) of this section was amended (L 1994, ch 501, § 2, eff July 26, 1994) to read, as follows: "1. If the respondent is detained, the initial appearance shall be held no later than seventy-two hours after a petition is filed or the next day the court is in session, whichever is sooner. If the respondent is not detained, the initial appearance shall be held as soon as practicable and, absent good cause shown, within ten days after a petition is filed. If a warrant for the respondent's arrest has been issued pursuant to section 312.2 of this article due to the respondent's failure to appear for an initial appearance of which he or she had notice, computation of the time within which the initial appearance must be held shall exclude the period extending from the date the court issues the warrant to the date the respondent is returned pursuant to the warrant or appears voluntarily; provided, however, no period of time may be excluded hereunder unless the respondent's location cannot be determined by the exercise of due diligence or, if the respondent's location is known, his or her presence in court cannot be obtained by the exercise of due diligence. In determining whether due diligence has been exercised, the court shall consider, among other factors, the report presented to the court pursuant to subdivision two of section 312.2 of this article." (Additions indicated by underscore.)

The procedures governing the initial appearance are governed by Family Court Act § 320.4 which is adapted from CPL 210.15 which sets out the basic standard procedure for arraignment (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.15). Arraignment as defined by CPL 1.20 (9) "means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending *for the purpose of having such court acquire and exercise control over his person* with respect to such accusatory instrument and of setting the course of further proceedings in the action" (emphasis added).

Although the Family Court Act's definition of the "initial appearance" (Family Ct Act § 320.1), and its purpose (§ 320.4) does not include the above-emphasized language, nevertheless, prior to the fact-finding or dispositional phases of a juvenile delinquency proceeding, the Family Court must first obtain in personam jurisdiction over the respondent which is accomplished, where the respondent has failed to appear on the appointed date and time and a bench warrant has been issued, upon the return of the respondent on the warrant, voluntarily or involuntarily. *(See, Matter of Kevin G.,* 159 Misc 2d 288, 291-293.)

As the Court of Appeals noted in *Jose R. (supra,* at 395), respondent there, as here, was not deprived of any right to a speedy disposition (in this case a speedy initial appearance) by the State, the Family Court or the presentment agency: "He deprived himself of it by his deliberate refusal to return to court as ordered. A speedy disposition was always available to him. All he had to do was show up on time and it should not fall to the Family Court to use scarce personnel to find him and drag him back each time. To countenance obdurate and conceded incorrigibility concerning the court's order after the

---

The purpose of the amendment was to remedy the holding in *Matter of Randy K. (supra; see,* Mem of State Exec Dept, Governor's Approval Mem, Mem of Off of Ct Admin, 1994 McKinney's Session Law News of NY, at A-919, A-991, A-1066).

In addition to excluding the period of delay caused by the respondent's failure to appear for an initial appearance, the amendment adds the provision already present in criminal cases pursuant to *People v Bolden* (81 NY2d 146) that it does not apply in cases where the presentment agency fails to exercise due diligence to effect respondent's appearance *(see,* Mem of Off of Ct Admin, 1994 McKinney's Session Law News of NY, at A-1067). Thus, while we commend the legislative action, the new due diligence requirement is prospective in effect and does not affect our decision here.

court freed him upon his admission of guilt, by automatically dismissing the proceedings entirely, is not supported by our precedents or by applicable statutory construction." *(See also, Matter of Carlos T.,* 187 AD2d 38, 41, quoting *Matter of Jerome S.,* 157 AD2d 286, 291 [" 'adjournment provisions of the statute (Family Ct Act § 340.1) were intended to function as a means of forestalling unwarranted delay, not as a sword to be employed by a respondent who delays the proceeding and then subsequently argues that it must be summarily dismissed as a consequence' "]; *Matter of Jerome S., supra,* at 291 ["the Family Court Act does not require the presentment agency to establish that a juvenile's failure to appear was 'willful' in order to exclude time attributable to his nonappearance from the statutory computation. Nor does the Family Court Act contain a requirement of due diligence or obligate the court to engage in a monitoring function subsequent to its issuance of a bench warrant where a juvenile has failed to appear for a scheduled court date"]; *cf.,* n, *supra,* at 266-267.)

We agree with the Family Court in *Matter of Kevin G.* (159 Misc 2d, *supra,* at 293) that "a child who has acted irresponsibly by committing an act which if committed by an adult is a crime should not secure advantage by compounding that irresponsibility with the further irresponsible act of refusing to honor the obligation and commitment imposed by the Family Court appearance ticket."

Under the circumstances presented, the respondent's failure to appear constituted good cause for the delay in conducting the initial appearance and his motion to dismiss the petition should have been denied. "Dismissal of a petition as a reward for a respondent who has acted irresponsibly by defaulting on a Family Court appearance ticket for failure of the presentment agency to secure the return of the respondent on an outstanding warrant within 10 days of the filing of the petition, i.e., to secure in personam jurisdiction, *does not* serve the purpose of rehabilitation of the child through consideration of the needs and interests of the child. Indeed, not only does it not serve the child, it does not serve the need for the protection of the community. Form [should not be] exalted over substance." *(Matter of Kevin G., supra,* at 296 [emphasis in original]; *see, Matter of Randy K., supra,* at 402; *see also,* Family Ct Act § 301.1; Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 301.1, at 263-267.) In light of the foregoing disposition, it is unnecessary

for us to reach the issue of waiver. However, were we to do so, we would find none inasmuch as respondent's motion was timely made *(see,* Family Ct Act § 332.2).

Accordingly, the order of the Family Court, New York County (Jeffry H. Gallet, J.), entered June 29, 1993, which granted respondent's motion to dismiss the petition for failure of the presentment agency to comply with the requirement of Family Court Act § 320.2 (1) that, absent good cause shown, the initial appearance of a respondent who is not detained shall be held within 10 days after a petition is filed, should be reversed, on the law, the motion should be denied, the petition reinstated and the matter remanded for further proceedings, without costs.

WALLACH, J. P., ROSS, NARDELLI and WILLIAMS, JJ., concur.

Order, Family Court, New York County, entered June 29, 1993, reversed, on the law, the motion denied, the petition reinstated and the matter remanded for further proceedings, without costs.