■ In the Matter of SHATARA DE V., a Person Alleged to be a Juvenile Delinquent, Appellant. [618 NYS2d 908] —Order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered April 16, 1993, which placed respondent on probation for one year after she had been adjudged a juvenile delinquent upon a fact-finding determination that she had committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the third degree and attempted assault in the third degree, unanimously affirmed, without costs.

On May 19, 1992, the presentment agency filed a petition against the 15-year old respondent following her arrest for allegedly stealing property from a clothing store and injuring a store employee. A bench warrant was issued on that date, when she failed to appear for arraignment in Family Court. Nine months later, on February 24, 1993, the warrant was executed and respondent made an involuntary initial appearance in Family Court.

At her arraignment, respondent stated that she originally failed to appear in court because she was in the hospital. Respondent maintained that she did not receive another court date and that she had no notice of the outstanding warrant. However, the Assistant Corporation Counsel stated that "ap-

pellant was a necessary witness to her sister's felony case and at one point was offered the possibility of coming in as a witness in exchange for vacatur of the warrant." She further asserted that "several people spoke to [respondent] about the existence of the warrant including her sister's defense attorney and the Assistant District Attorney."

As the result of a previous unrelated arrest, respondent had an outstanding warrant issued against her which had not been executed. On February 24, 1993, both warrants were executed simultaneously. In the prior offense, respondent used a false name and address. In the instant case, she again gave an alias but used her correct address. Respondent was arraigned and no objection on speedy trial grounds was made.

After a hearing on February 26, 1993, the Family Court found that there was probable cause that the crime had been committed. On March 9, 1993, respondent moved to dismiss the petition, for failure to arraign the respondent within 10 days after filing of the petition, pursuant to Family Court Act § 320.2 (1). Respondent asserted that the presentment agency did not show "good cause" for failing to arraign her within the 10 day requirement. Moreover, respondent stated that she resided at the address noted on the petition for the entire nine month period during which time the warrant was unenforced. The Family Court Judge denied the motion to dismiss without explanation.

On March 19, 1993, following the fact-finding hearing, the Family Court found the respondent guilty of attempted robbery in the third degree and attempted assault in the third degree. The respondent was placed on probation for a period of 12 months to run concurrently with her probation sentence in the Supreme Court for assault.

For the reasons stated in *Matter of Atthis D.* (205 AD2d 263 [decided herewith]), we find that respondent's motion to dismiss the petition was properly denied. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.